300 So.2d 499 (1974)
Arnold BERNARD, Plaintiff and Appellee,
v.
Josephine Robin BERNARD, Defendant and Appellant.
No. 4661.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
Dubuisson, Brinkhaus, Guglielmo & Dauzat by James T. Guglielmo, Opelousas, for defendant and appellant.
William E. Logan, Jr., Lafayette, for plaintiff and appellee.
Before FRUGÉ, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
The sole issue in this case is the adequacy of the awards for alimony pendente lite and child support. In a judgment of separation, the district judge awarded the wife $400 per month for alimony pendente lite, plus $400 per month for the support of the two minor children, a total of $800 per month. The wife appealed, seeking an increase to a total of $1,600 per month.
There is no dispute as to the law. Under LSA-C.C. Article 148, a wife who has not a sufficient income for her maintenance pending a suit for separation or divorce, is entitled to a sum sufficient to support her in a standard of living comparable to that which she enjoyed before the separation and proportionate to the means of her husband. Additionally, the mother who has custody of children is entitled to a sum for their support in proportion to their needs and the ability of the father to pay. See Thomas v. Thomas, 281 So.2d 471 (La.App. 4th Cir. 1972) and the cases cited.
The wife has no income. She listed expenses for herself and the children totaling *500 $1991 per month, or $23,651 per year. But in her brief she concedes that since she and the children are living in the family home, $350 can be deducted for housing expense, and also certain other items, which reduces the needs for the wife and children to $1600 per month.
The husband is the president and principal owner of Arnold J. Bernard, Inc., a corporation engaged in the business of constructing buildings. His average net income after taxes for the 5-year period 1968 through 1972 was about $19,000 per year. At the time of the trial, in October of 1973, the corporation had a contract in the sum of 4.8 million dollars for the construction of a hospital, and had already completed about 3 million dollars of work. However, there is testimony by plaintiff and his accountant that the corporation anticipated a loss during 1973, but of course this is conjectural.
If the husband pays $800 per month alimony and child support, this totals $9600 per year. Taking into account her use of the house at a value of $350 per month, this means she receives a total of $1150 per month or $13,800 per year. Based on a net income of $19,000 per year for the husband, this would leave him $9400 a year for his own personal needs. Considering the husband's income alone, the awards by the trial judge are well within his great discretion in such matters.
The wife argues that the husband has means, in addition to his income, which are available to pay more than the $800 awarded. Specifically, the wife contends the corporation owes the husband individually the sum of $50,000, which he loaned to the corporation during the years 1971 and 1972. But, as the accountant explained, there is a question as to whether the corporation will ever be able to pay this indebtedness to Mr. Bernard individually. Since Bernard is in effect the sole owner of the corporation, he draws as much from it in salary and expenses as possible. The corporation does not have assets with which to pay the indebtedness and must depend entirely on earnings, which are unpredictable.
In addition, the wife points to the fact that Mr. Bernard has approximately $12,000 in savings and checking accounts, which could be used to pay additional alimony and child support. She also argues the husband has little personal living expense because so much of this is paid by the corporation as tax deductible.
On the other hand, the evidence shows that after the separation the wife received from Mr. Bernard the sum of $650 per month for living expenses, and that she not only was able to live on this amount but had actually increased the balance in her checking account.
Under all of the circumstances, we find no manifest error in the awards by the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.