379 So.2d 808 (1980)
Luisita Alicea FREDERICK
v.
Donald Anthony FREDERICK.
No. 10443.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
*809 Darleen M. Jacobs, New Orleans, for plaintiff-appellee.
Kronlage, Dittmann & Caswell, Robert M. Caswell, New Orleans, for defendant-appellant.
Before BOUTALL, SCHOTT and HOOD, JJ.
HOOD, Judge.
Defendant, Donald Anthony Frederick, appeals from a judgment rendered on September 26, 1978, which condemns him to pay to plaintiff, Luisita Alicea Frederick, $200.00 per month as alimony pendente lite, $800.00 per month for the support of his two minor children, and $484.44 per month on a house note. We amend the judgment appealed from by reducing the amount of support awarded to the minor children, and affirm it in all other respects.
The sole issue presented is whether the amount awarded as alimony pendente lite and as child support is excessive.
The parties separated on August 21, 1978, and Mrs. Frederick instituted this separation suit ten days later. Judgment was rendered on September 26, 1978, ordering defendant to pay to plaintiff alimony pendente lite and child support as above set out. The payments required by that judgment amount to the aggregate sum of $1,484.44 per month. A new trial was granted, but after a hearing the trial court confirmed the original decree and ordered defendant to pay the alimony and support which had been awarded previously. Defendant appealed.
Defendant Frederick is a geophysicist for Shell Oil Company, and has been employed by that company for more than ten years. His gross wages amount to $3,100.00 per month, and his net take-home pay is about $1,853.02 per month. Among a few other deductions, the following amounts were being regularly withheld from his paychecks at the time of the trial: (1) $872.50 per month for Federal income taxes; (2) $37.76 for State income taxes; (3) $310.00 per month which he contributes to a savings plan, approved by Shell, known as the Provident Fund; and (4) $10.00 per month which he contributes to a Charity Fund. He has the right to discontinue his contributions to the Provident Fund and to the Charity Fund, and if he should do so then his net take-home pay would amount to $2,173.02 instead of $1,853.02 per month.
Frederick has been contributing to the Provident Fund for almost ten years. His employer, Shell, matches each contribution he makes. Shell, for instance, contributes $310.00 to defendant's account in the Provident Fund for each contribution of that amount made by defendant. If Frederick should discontinue making payments to that fund, he would lose the matching contributions which are made by Shell. Frederick stated that he has the right to withdraw from that fund the sums which he personally contributed to it, but that he does not have the right to withdraw the contributions which have been made by Shell until he retires from his employment. In case of his death, his wife and children (who are his named beneficiaries) will receive the remaining balance of his account in that savings fund.
*810 Defendant has no income other than the wages which he receives from Shell. Plaintiff contends, however, that counsel for defendant "conceals the fact that at the time of the rehearing of this matter" defendant had approximately $28,000.00 in the Provident Fund and $27,000.00 "in banks." She argues that these are "assets enhancing his community income."
We find no evidence to support her assertion that he had the above sum of money "in banks." With reference to his account in the Provident Fund, the record contains some accounting sheets showing defendant's earnings during the year 1977 and during most of 1978, with the deductions which were made from his paychecks during those periods. These accounting sheets were filed on November 10, 1978, and we assume from that fact that they were produced when the matter was heard on rehearing. They show that during 1977 and most of 1978 the aggregate sum of $5,530.00 was withheld from Frederick's paychecks for contributions to the Provident Fund. They do not show whether any part of those funds have been withdrawn by defendant or whether they are available to him now. The evidence is not sufficient to warrant a holding that defendant has other substantial assets, as claimed by plaintiff, which should be at least partially depleted to provide the alimony and support ordered by the trial court.
Frederick purchased a new home on June 2, 1978, and Mrs. Frederick moved into it when the parties separated on August 21, 1978. She has been living there since that time, and defendant has been making regular payments of $484.44 per month on the purchase price of that home.
The parties have two children, who were 8 and 9 years of age at the time of the trial, and the court awarded custody of those children to the mother.
Mrs. Frederick testified that she is unemployed, that she quit her employment by WSMB and that she has no intention of going back to work. Although she considers herself to be unemployed, she concedes that she has had a real estate license since February, 1978, that she works for a real estate agency in New Orleans on a commission basis, that she has earned some commissions from the sale of property, and that one of her real estate listings now is the community-owned home where she and her husband lived before they separated. The evidence indicates that her commissions for the sale of real estate amounted to $1,837.50 up to November 8, 1978. It also indicates, however, that a buyer has executed an agreement to purchase the community-owned home, and that if and when the sale is completed Mrs. Frederick will receive a commission of slightly more than $2,000.00.
Plaintiff testified that she will have to spend $2,160.84 per month for the support of herself and her two children. Defendant estimated his living expenses to be about $2,629.00 per month. Each party contends that the estimated cost of living listed by the other is inflated. We agree that some of the items listed as living expenses by each party should be eliminated or reduced. Our ultimate conclusion, however, is that despite the fact that some of the items of expense listed by each might be excessive, the evidence nevertheless shows that the needs of the wife and of the two children exceed the husband's ability to pay.
At the time the judgment of the trial court was rendered, Article 148 of the Louisiana Civil Code provided:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
In making an award for alimony pendente lite, the court must take into consideration the needs of the wife and the means of the husband. If the needs of the wife exceed the husband's ability to pay, then alimony pendente lite should be fixed at a sum which will, as nearly as possible, be just and fair to all parties involved. Shepard v. Shepard, 334 So.2d 745 (La.App. 3rd Cir., 1976); Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir., 1979).
*811 The fixing of the amount which the husband should be required to pay to his wife as alimony pendente lite is largely within the discretion of the trial judge, and his conclusions as to the amount of the award ordinarily will not be interfered with on appeal unless there has been an abuse of that discretion. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir., 1972); Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir., 1979).
In the instant suit defendant's present take-home pay amounts to $1,853.02 per month. The judgment appealed from orders him to pay the aggregate sum of $1,484.44 per month as alimony and child support. If he is compelled to make those payments it will leave him only $368.55 per month to meet his own living expenses. He will require more than that to exist.
The trial judge apparently felt that defendant should discontinue making contributions to the Provident Fund and to the Charity Fund, so that more money would be available to pay alimony and support. If he does that his take-home pay will be increased to $2,173.02, but even so it would leave him only $688.58 for his own expenses after paying $1,484.44 per month as alimony and child support. We find that also to be inadequate to meet his own living expenses, particularly in view of the fact that he must continue to report for work regularly, to pay insurance premiums, and to make payments on other existing debts. We also have decided that defendant should not be compelled to discontinue contributing to the Provident Fund or to the Charity Fund. If he is required to stop his payments to the Provident Fund, he will lose the matching contributions made by Shell. Plaintiff and her children are the beneficiaries of that fund, and in the event of defendant's death, they will receive those matching contributions. We believe the advantages which plaintiff and her children will receive from that savings account ultimately will benefit them more than they would be helped by a slight increase in their present alimony and support payments, if those payments in fact could be increased at all, but accompanied by the loss of Shell's matching contributions.
The record indicates that the trial judge erred in his factual finding as to the amount of defendant's take-home pay, and it may be that largely because of that error he fixed the alimony and support at the figures shown in his judgment. After the evidence had been presented, a comment was made by the trial judge to the effect that defendant Frederick had take-home pay amounting to $2,669.00 per month. As has already been pointed out, defendant's take-home pay was considerably less than that sum.
Our conclusion is that the trial court erred or abused his discretion in ordering defendant to pay alimony and child support in the aggregate amount of $1,484.44, and that that award must be reduced. We think a just and fair award to plaintiff would be $200 per month as alimony pendente lite, $400.00 per month as child support, and a requirement that defendant continue to make payments of $484.44 on the home which is occupied by plaintiff. These payments would amount to the aggregate sum of $1,084.44, which we believe is fair and reasonable to all parties, under the facts and circumstances presented here.
The judgment appealed from is amended to decree that defendant is ordered to pay plaintiff $200.00 per month as alimony pendente lite and the sum of $400.00 per month as child support, and that defendant also is ordered to continue making payments of $484.44 per month on the purchase price of the home which is occupied by plaintiff and the children, all of which payments amount to the aggregate sum of $1,084.44. In all other respects, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AMENDED and AFFIRMED.