402 So.2d 793 (1981)
Pamela Samples VIDRINE, Plaintiff-Appellee,
v.
John Coleman VIDRINE, Defendant-Appellant.
No. 8350.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1981.
*794 Alex D. Chapman, Jr., Ville Platte, for defendant-appellant.
Boatner & Luke, John A. Boatner, Jr., Bunkie, for plaintiff-appellee.
Before CULPEPPER, STOKER and LABORDE, JJ.
LABORDE, Judge.
John Coleman Vidrine appeals a judgment awarding his wife, Pamela Samples Vidrine, alimony pendente lite in the amount of $300 per month. We affirm. We find no clear abuse of discretion by the trial judge in making the alimony award.
On the date of the alimony hearing, John was 22 years old and employed as a painter through Local # 5 of the Teamsters Union in Baton Rouge. His earnings were approximately $1,200 per month. Additional testimony indicated that John was engaged in a soybean farming operation with his father and brother from which he may have earned approximately $8,000 in 1980. John's itemized expenses totaled $936.26 per month.
Pamela was employed at the Bunkie Bank and Trust Company and earned $565 per month. Her monthly expenses, excluding child care for the litigants' 16 month old child, totaled $1,245.00.[1]
It is well settled that the trial court has much discretion in fixing alimony and the award will not be disturbed unless there is a clear abuse of discretion. See Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir. 1979) and the cases cited therein.
The husband has an obligation under LSA-C.C. Art. 148 to provide support for his wife.[2] This obligation to pay alimony pendente lite was not changed by the 1979 amendment to this article in response to Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). Under this article, the wife is entitled to be maintained in the lifestyle which she enjoyed prior to separation.
A review of the respective incomes and expenses of the litigants in light of the statutory authority and their judicial interpretation does not establish that there has been any abuse of discretion by the trial judge in awarding Pamela $300 per month alimony pendente lite.
*795 For the above and foregoing reasons the decision of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.
NOTES
[1] The award of $125 per month for child support is not at issue in this appeal.
[2] LSA-C.C. art. 148 provides:

"Alimony pendente lite. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse. (Amended by Acts 1928, No. 130; Acts 1979, No. 72, § 1.)