406 So.2d 285 (1981)
Deborah Lynn Wester MANNING, Plaintiff-Appellant,
v.
Johnny Earl MANNING, Defendant-Appellee.
No. 8441.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
*286 Love, Rigby, Dehan, Love & McDaniel, Samuel P. Love, Jr. and Joseph B. Cordill, Jr., Shreveport, for plaintiff-appellant.
Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for defendant-appellee.
Before CULPEPPER, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Deborah Lynn Wester Manning instituted this suit seeking a separation from bed and board from her husband, Johnny Earl Manning.[1] Incidental to the suit, Deborah prayed for alimony pendente lite. After a hearing on the rule, the trial judge ordered defendant to pay alimony pendente lite to the plaintiff in the amount of $200 per month and to maintain hospitalization insurance on the plaintiff. He also granted plaintiff possession of a Grand Prix automobile which the defendant was to keep insured. Deborah appealed, claiming that the amount of alimony pendente lite awarded should be increased.
The sole issue on appeal is whether or not the trial court erred in awarding the plaintiff $200 per month alimony pendente lite. We affirm. Our review of the record reveals no abuse of discretion by the trial court.
The applicable law is set out in LSA-C.C. art. 148, which provides:
"Art. 148. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
In making an award for alimony pendente lite, the court must take into consideration the needs of the claimant spouse and the means of the other spouse. The actual needs for the maintenance and support of the wife must first be determined, and if the amount needed is proportionate to the husband's means, that amount should be awarded. If her needs exceed the husband's ability to pay, then alimony pendente lite should be fixed at a sum which will be just and fair to all parties involved. Frederick v. Frederick, 379 So.2d 808 (La. App. 4th Cir. 1980); Shepard v. Shepard, 334 So.2d 745 (La.App. 3rd Cir. 1976).
The fixing of the amount of alimony pendente lite which the husband should be required to pay his wife is largely within the sound discretion of the trial judge and his conclusions as to the amount of the award will not be disturbed on appeal unless there has been a clear abuse of discretion. Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976); Bernard v. Bernard, 300 So.2d 499 (La.App. 3rd *287 Cir. 1974); Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3rd Cir. 1981).
Counsel for Deborah argues that the judgment of $200 per month is inadequate because her listed expenses amount to $2,119.23 per month. Johnny's disposable income is listed as $1,173.74 per month and his expenses are $953.85 per month. The trial judge in his oral reasons for judgment noted that he was of the opinion that Johnny's listed expenses were conservative and that there was "not enough money to go around". In addition to $200 monthly alimony, the trial court also awarded possession of an automobile to Deborah and ordered Johnny to maintain hospitalization insurance on Deborah and insurance on the automobile. Our review of the record reveals no abuse of discretion on the part of the trial court.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant, Deborah Lynn Wester Manning.
AFFIRMED.
NOTES
[1] Johnny also filed suit for separation from bed and board, which was consolidated in the trial court.