408 So.2d 32 (1981)
Audrey DESORMEAUX, Plaintiff-Appellant,
v.
Ray BRIGNAC, Defendant-Appellee.
No. 8564.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*33 Corne & Block, Louis M. Corne, Lafayette, for plaintiff-appellant.
J. Burton Willis, St. Martinville, for defendant-appellee.
Before FORET, SWIFT and LABORDE, JJ.
LABORDE, Judge.
On February 17, 1981, Audrey Desormeaux instituted this suit seeking a separation from bed and board from her husband, Ray Brignac.[1] Incidental to the suit, Audrey prayed for alimony pendente lite. After the March 27, 1981, hearing on the rule, the trial judge ordered defendant to pay alimony pendente lite to the plaintiff in the amount of $545 to be paid April 1, 1981, and $545 to be paid May 1, 1981, and thereafter terminate. In addition, Audrey was granted use of the family house and Ray was ordered to make the monthly payments on the house and to keep it fully insured. Ray was ordered to continue permitting Audrey to use an automobile belonging to a corporation he managed and to keep the automobile fully insured. Finally, the court ordered Ray to maintain hospitalization insurance on Audrey.
Audrey appeals claiming that the trial judge committed error in granting alimony for a two (2) month period and refusing to award her alimony pending the litigation. We affirm. Our review of the record reveals no abuse of discretion by the trial judge.
The applicable law is set out in LSA-C.C. art. 148, which provides:
"Art. 148. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
In making an award for alimony pendente lite, the court must take into consideration the needs of the claimant spouse and the means of the other spouse. The actual needs for the maintenance and support of the wife must first be determined, and if the amount needed is proportionate to the husband's means, that amount should be awarded. If her needs exceed the husband's ability to pay, then alimony pendente lite should be fixed at a sum which will be just and fair to all parties involved. Frederick v. Frederick, 379 So.2d 808 (La. App. 4th Cir. 1980); Shepard v. Shepard, 334 So.2d 745 (La.App. 3rd Cir. 1976).;
The fixing of the amount of alimony pendente lite which the husband should be required to pay his wife is largely within the sound discretion of the trial judge and his conclusions as to the amount of the award will not be disturbed on appeal unless there has been a clear abuse of discretion. Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976); Bernard v. Bernard, 300 So.2d 499 (La.App. 3rd Cir. 1974); Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3rd Cir. 1981), our Docket Number 8350, rendered July 30, 1981 and Manning v. Manning, 406 So.2d 285 (La.App. 3rd Cir. 1981).
Audrey claims that by granting alimony for only two (2) months the trial judge is forcing her to gain employment during that period of time. She admits *34 that she has been employed as an executive assistant or executive secretary and a real estate broker during most of her nine year marriage to Ray. According to her testimony she earned approximately $13,000 in 1979. At the time of trial she was drawing unemployment benefits of $95.00 per week. Audrey urges our adoption of the holding in Arrendell v. Arrendell, 390 So.2d 927 (La. App. 2nd Cir. 1980), where the court held that the capability of the claimant spouse to obtain employment producing some income at a future time was not an appropriate consideration in determining the sum to which the claimant spouse was entitled.
Our reading of the trial judge's reasoning for judgment leads us to a contrary conclusion. Even if he did consider Audrey's capacity for employment and did quote from Smith v. Smith, 382 So.2d 972 (La.App. 1st Cir. 1980), which held that where there was no impediment to claimant's employment, she was not entitled to alimony pendente lite unless it was apparent that she was unable to find employment. We conclude that he limited the alimony award because another hearing between the litigants was scheduled for April 30, 1981, at which time he would review his judgment. The trial judge said "that does not preclude Mrs. Brignac from coming back to court, however, depending on what the circumstances are at the time. I am not saying she will not be able to get alimony beyond that date. I'm simply saying that's as far as my order goes".
Ray testified that he was employed by the State of Louisiana and that his income was $2,379 per month. He listed ordinary and regular monthly expenses including $300 monthly rent for an apartment. In addition to the alimony award, the trial judge awarded Audrey possession of the family home and an automobile and ordered Ray to maintain hospitalization insurance on Audrey and insurance on the house and car. He said "now, I'm mindful that the amounts I'm awarding for alimony put Mr. Brignac in a deficit situation. It's the best I can do with what I have to work with and it's not an order that's made for any great duration of time."
A review of the respective incomes and expenses of the litigants in light of the statutory authority and its judicial interpretation does not establish that there has been any abuse of discretion on the part of the trial judge.
For the above and foregoing reasons the decision of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
FORET, J., concurs with written reasons.
FORET, Judge, concurring.
I concur in the result reached by the majority, although my personal preference would be to follow the First Circuit's Smith case cited in the majority opinion, in that case's holding that where there is no impediment to the claiming spouse's engaging in gainful employment, as is the case here, that she would not be entitled to alimony pendente lite unless it is apparent that she was unable to find employment, or that she might be entitled to an award over and above what she might reasonably be expected to earn.
NOTES
[1] Ray also filed suit on February 9, 1981, for separation from bed and board. We assume the cases were consolidated for hearing although no hearing was held on a rule to consolidate or on an exception of lis pendens filed by Ray.