422 So.2d 703 (1982)
Huey Allen LYNCH, Plaintiff-Appellant,
v.
Shirley Mae Haddad LYNCH, Defendant-Appellee.
No. 82-319.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*704 Daniel M. Landry, III and Fredric G. Hayes, Lafayette, for plaintiff-appellant.
*705 Shelton & Legendre, Robert Shelton and Philip Kobetz, Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant-appellant, Shirley Mae Haddad Lynch, instituted this suit seeking a divorce from her husband, Huey Allen Lynch. Incidental to the suit, Shirley prayed for alimony pendente lite, child custody, child support and permanent alimony. The trial judge ordered Huey to pay:
1) Alimony pendente lite at the rate of $1,500.00 per month from date of judicial demand until date of signing of this judgment, with credit to be given to Huey for all payments made to Shirley, including the value of the house note since that date.
2) Permanent alimony at the rate of $500.00 per month, and child support at the rate of $350.00 per month, with credit to Huey for the value of the house note to be deducted from such payments.
Shirley filed a timely motion for partial new trial for the purpose of reargument only. After submission of briefs in lieu of oral argument, the trial court modified its original judgment in the following respects:
1) Increased child support from $350.00 per month to $500.00 per month;
2) Deleted the credits allowed against the alimony pendente lite payments;
3) Determined that the value of the house note was $390.00 per month.
Huey argues on appeal, that the trial court erred in 1) amending the original judgment on a motion for new trial without a new trial; 2) amending the original judgment deleting the credits awarded to him without obtaining new evidence; 3) awarding permanent alimony to Shirley since she had been determined at fault in causing the original separation; 4) awarding excessive alimony pendente lite and child support. We reverse the trial court's award of permanent alimony and the deletion of credit for the house note payments, amend the award of child support to increase it to $750.00 per month, and affirm as amended.

NEW TRIAL
LSA-C.C.P. Article 1971 states:
"A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues." (Emphasis added)
Thus, the statute specifically states that a new trial can be granted for reargument only. The court may grant the new trial on the motion that the party is entitled thereto, without a contradictory hearing. Moreover, if the order applied for by the motion is one to which the mover is clearly entitled without supporting proof, the court may grant the motion ex parte. LSA-C.C.P. Article 963; Borras v. Falgoust, 285 So.2d 583 (La.App. 4th Cir.1973). Where the motion for new trial is based on discretionary grounds, LSA-C.C.P. Article 1973, then the established rule is clear that unless an abuse of discretion can be demonstrated, the appellate court will not reverse the trial court's action. Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir.1980).
The record reveals that Shirley presented a "Motion for Partial New Trial For the Purpose of Reargument Only" on March 18, 1982. The order granting the motion was made on March 22, 1982. The order was granted without a contradictory hearing and it limited the new trial to reargument only. After our review of the statutory and jurisprudential authority, we hold that the trial court had discretion in allowing a new trial on an ex parte motion limiting it to reargument. From our review of the record, we conclude the trial court did not abuse its discretion in granting the new trial.

DELETION OF THE CREDITS
The granting of a new trial even when limited to reargument, sets aside the *706 original judgment. The fact that the trial was granted for reargument only simply meant that no additional evidence could be adduced. LSA-C.C.P. Article 1978. Shirley, in her written brief which was submitted in lieu of her oral argument did not present any new evidence. The brief only clarified the law as to set-offs, i.e., credits. The burden of proving claimed set-offs is upon the party asserting such set-offs. Brouillette v. National Remodelers and Rebldrs., Inc., 239 So.2d 375 (La.App. 4th Cir.1970).
In the original judgment, the trial court awarded Huey a credit for all payments made to Shirley since the date of judicial demand, including the value of the house note. After new trial, the original judgment was amended to delete all the credits. In his testimony Huey testified:
"I don't think I paid any since probably the middle of 1980. And, those were gas bills, phone bills, light bills, water bills."
The date of judicial demand was October 30,1980. Therefore, the record reveals that Huey paid no expenses for utilities, gas, etc. from the date of judicial demand. However, from the testimony of Huey and Shirley, it is clear that Shirley and their daughter, Andrea, are living in the family home rent free. The family home is Huey's separate property which was bought prior to their marriage. Huey is paying monthly notes on this house. The payments have been paid by Huey from the time of the purchase to date. The testimony of Huey is uncontradicted. Shirley testified that since the separation she has not paid anything for housing. Therefore, we hold the record discloses sufficient proof that Huey is entitled to the credit for the house payments.

PERMANENT ALIMONY
It is Huey's contention that the trial court erred in awarding permanent alimony to Shirley since she had been determined at fault in the original separation. Therefore, the issue is whether or not Shirley was at fault in the original separation and whether the fault will preclude her from getting alimony.
Huey obtained a judgment of separation on November 13, 1979, which stated:
"... the law and evidence being in favor of the plaintiff, the default entered herein on October 5, 1979, is confirmed..."
The basis of the separation was Shirley's constructive abandonment of Huey. This basis was evidenced by Huey's testimony which was not contradicted by Shirley. Huey testified that all his clothes were packed and put outside. Shirley acknowledged in her testimony that Huey did obtain the separation. Therefore, we hold the trial court in the separation proceeding concluded that Shirley had constructively abandoned Huey and that was sufficient grounds for the separation.
In Bruner v. Bruner, 364 So.2d 1015 (La. 1978), the Supreme Court made the following definitive statement:
"It is thus our conclusion that for the wife to be entitled to post-divorce alimony our law requires that she be free from fault both prior to the separation judgment and prior to the divorce." (Emphasis added)
The definition of "fault" is conduct which constitutes grounds for separation or divorce, other than mere living separate and apart for a specified period of time. Bruner v. Bruner, supra. Under the above definition, we conclude the trial court's determination as to the grounds for the separation results in Shirley being at fault. Since Shirley is not free from fault prior to the separation, therefore, she is not entitled to permanent alimony. For the above reasons, we reverse the trial court's award of permanent alimony.

ALIMONY PENDENTE LITE
Huey contends that the amount awarded as alimony pendente lite was excessive. The applicable law is set out in LSA-C.C. Art. 148, which provides:
"Art. 148. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or *707 defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
In Desormeaux v. Brignac, 408 So.2d 32 (La.App. 3rd Cir.1981), we established the following guidelines:
In making an award for alimony pendente lite, the court must take into consideration the needs of the claimant spouse and the means of the other spouse. The actual needs for the maintenance and support of the wife must first be determined, and if the amount needed is proportionate to the husband's means, that amount should be awarded. If her needs exceed the husband's ability to pay, then alimony pendente lite should be fixed at a sum which will be just and fair to all parties involved. Frederick v. Frederick, 379 So.2d 808 (La.App. 4th Cir.1980); Shepard v. Shepard, 334 So.2d 745 (La. App. 3rd Cir.1976).
The fixing of the amount of alimony pendente lite which the husband should be required to pay his wife is largely within the sound discretion of the trial judge and his conclusions as to the amount of the award will not be disturbed on appeal unless there has been a clear abuse of discretion. Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980); Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir.1976); Bernard v. Bernard, 300 So.2d 499 (La.App. 3rd Cir. 1974); Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3rd Cir.1981), our Docket Number 8350, rendered July 30,1981 and Manning v. Manning, 406 So.2d 285 (La.App. 3rd Cir.1981).
In determining the amount necessary for the "maintenance" of the claimant spouse, the measure is that amount necessary to maintain the spouse in the same style and under the same conditions which she enjoyed prior to the separation. Langham v. Langham, 381 So.2d 1284 (La.App. 2nd Cir.1980); Shepard v. Shepard, 334 So.2d 745 (La.App. 3rd Cir.1976).
The record reveals that Shirley received $2,400.00 per month from Huey while they were married. The $2,400.00 was for household expenses, food and clothing. After the separation Huey paid only $500.00 each month for child support. The trial court concluded that $1,500.00 per month would be a fair award to maintain the wife. The question now is whether the amount is proportionate to the husband's means. "Means" includes assets as well as income. Huey earns approximately $7,500.00 a month and he has certain expense accounts, stocks and real property. From the above, we conclude that the amount awarded is not an abuse of the trial court's discretion.

CHILD SUPPORT
Huey contends that the child support award of $500.00 is excessive; whereas, Shirley argues that the trial court erred in not awarding $750.00 per month in child support as prayed for in her motion for new trial. She bases this request on the needs of the child and the ability of Huey to pay. Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances permit. Ducote v. Ducote, 339 So.2d 835, (La. 1976). In Fellows v. Fellows, 267 So.2d 572, (La.App. 3rd Cir.1972), the court stated that the application of these basic rules recognizes children are thus entitled by birth right to a life during their minority consistent with the father's (and mother's) station in life.
From the record, it is evident that Huey is an above average provider. Huey is making approximately $7,500.00 a month. The monthly expenses to adequately provide for the child is $907.00 per month. Therefore, the trial court awarded child support in the amount of $500.00. *708 The support of the child is both parents' obligation. In determining the amount needed to satisfy this obligation the court must view the ability of the person to pay. At the present time Shirley is only receiving $584.00 in unemployment benefits. If she was working, based on her last job's salary figures, she would earn approximately $1,000.00 a month. Looking at both parents' ability to pay and the totality of the circumstances, this court holds that the trial court erred in providing only $500.00 in child support. It is evident that Huey is able to provide more for his child. Therefore, the judgment of the trial court is amended to award $750.00 a month in child support.
Huey presently provides a home for Shirley and Andrea from his separate estate. The trial court found the monthly house notes to be $390.00. Since the home provides living accommodations for Andrea this should be considered in the child support award. Our award of $750.00 child support is limited to the amount prayed for. Friedman Iron & Supply Co. v. J.B. Beaird Co., 222 La. 627, 63 So.2d 144, (1953). We deem it reasonable to give Huey credit of $390.00 per month on the $750.00 per month child support award.
For the above and foregoing reasons, the award of permanent alimony is reversed and the judgment of the trial court is recast as follows:
It is now ordered that Huey Allen Lynch pay $750.00 in child support with future credit to Huey Allen Lynch of $390.00 per month to be deducted from such monthly payments;
It is further ordered that Huey Allen Lynch pay alimony pendente lite at the rate of $1,500.00 per month from date of judicial demand until date of signing of the trial court judgment, less credit to Huey Allen Lynch for the payments of the $390.00 per month house note during this period;
It is ordered that costs of the appeal be paid one-half (½) by appellant and one-half (½) by appellee.
Reversed in part; Amended in part, and Affirmed as Amended.