BOWES, Judge.
Defendant, Robert Nolan Clarke, appeals a judgment of the district court denying his motion to reduce alimony pendente lite. We affirm.
Appellant contends that the trial court was manifestly erroneous in denying his motion because the testimony at trial clearly showed a change in circumstances in the income of appellee between the time the original support payment was agreed upon and the time appellant’s motion to reduce was filed.
Plaintiff, Barbara Anglim Clarke, filed for separation from bed and board on October 13, 1982. Plaintiff and defendant entered into a consent judgment on November 4, 1982, which, inter alia, fixed alimony pendente lite at $300.00 per month. Defendant’s rule to reduce was filed December 3, 1982, and heard and denied on January 13, 1983.
*1233 Testimony at the trial established that at the time of the consent judgment, plaintiff, Barbara Clarke, was not employed. There was also conflicting testimony as to Mrs. Clarke’s intention to return to her former employment at Southern Baptist Hospital, but we agree with the trial judge who found that the consent judgment contemplated that the plaintiff would return to work. Uncontraverted testimony established that Mrs. Clarke had worked the entire time she and Mr. Clarke were married (on a part-time basis earning approximately $400.00 per month) up until the time the marriage got into serious difficulty. At the time the rule was filed, plaintiff had returned to her previous employment at Southern Baptist Hospital, but in a full-time capacity, and was netting approximately $590.00 every two weeks (this translates to $1,278.00 monthly). Mrs. Clarke submitted an affidavit of expenses showing total monthly • expenses of $2,424.06. However, included in this figure was $757.63 for housing, which was paid by Mr. Clarke. Therefore, we deduct that latter figure to arrive at monthly expenses for Mrs. Clarke of $1,666.43.
We must likewise adjust the income reported by Mrs. Clarke. She reported a monthly income of $1,878.82 — her salary, $300.00 per month alimony pendente lite and $378.82 paid by Mr. Clarke on the house mortgage (one-half of the $757.63 listed as housing expense and considered alimony pendente lite under the consent judgment). Since we reduced the expenses reported by Mrs. Clarke by the amount she claimed for housing, we must similarly reduce the income she reported by any amount paid by Mr. Clarke directly toward housing. Therefore, we must deduct $378.82 from Mrs. Clarke’s reported income, leaving a balance of $1,500.00 per month income, $166.43 below her reported expenses. We take note that Mrs. Clarke testified to an increase in expenses of almost $600.00 per month, attributed solely to her return to work. This testimony was uncontraverted, believed by the trial judge, and accepted by us.
Alimony pendente lite, as provided for in L.S.A.C.C. art. 148, has been the subject of much litigation. ' In a recently-published opinion, Lynch v. Lynch, 422 So.2d 703 (La.App. 3rd Cir.1982), our brother judges of the 3rd Circuit, with whom we agree, expounded as follows:
In Desormeaux v. Brignac, 408 So.2d 32 (La.App. 3rd Cir.1981), we established the following guidelines: ...
[3] The fixing of the amount of alimony pendente lite which the husband should be required to pay his wife is largely within the sound discretion of the trial judge and his conclusions as to the amount of the award will not be disturbed on appeal unless there has been a clear abuse of discretion. [Citations omitted]
[8] In determining the amount necessary for the “maintenance” of the claimant spouse, the measure is that amount necessary to maintain the spouse in the same style and under the same conditions which she enjoyed prior to the separation. [citations omitted]
We also agree with our brothers in ,the 4th Circuit, who, in Peraino v. Peraino, 414 So.2d 858 (La.App. 4th Cir.1982), stated:
“The very purpose of alimony pendente lite ... is to maintain the wife at a standard of living comparable to that which she enjoyed prior to her separation from her husband.”
In the case before the court, the wife’s income per month (salary and alimony pen-dente lite) equals $1,500.00, whereas her expenses total $1,666.43. In connection with his ruling denying the motion to reduce, the learned trial judge made the following statement: “I’d say that the testimony shows that even though she did go to work, ... she went to work because of necessity and because of her inability to survive on what was being paid by Mr. Clarke.” We can find nothing manifestly erroneous with his conclusion.
Accordingly, the judgment of the trial court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.