REDMANN, Chief Judge.
On plaintiff’s appeal we reverse a judgment on jury verdict that dismissed this action on defendant’s contract to furnish and maintain two identical, internally lighted, 5' X 14', one-piece plastic-faced signs atop plaintiff’s restaurant. The signs were to become plaintiff’s on payment of $1 after 60 months of “lease” payments.
Defendant on a maintenance call broke one of the plastic faces into pieces; took over three months to replace it; replaced it with a two-piece plastic face that came apart at the middle; tied it not quite together with a rope; and left it in that condition for five months (during which this suit was filed). Thereafter defendant took another month or two to conform the coloration of the new face to that of the other sign.
The jury was clearly wrong in its finding that defendant did not breach his contract with plaintiff. The contract bound defendant to maintain the sign and instead, when replacing fluorescent light tubes, defendant broke the sign face and then unreasonably delayed its repair. Defendant’s ultimately replacing the broken sign face was only a partial reparation of the damages caused by defendant’s breach. Other damages include absence of the face on the Causeway side of the sign for about three and a half months resulting in severely reduced usability of the electrically-connected West Esplanade side at night. They also include the lesser, temporary problems of slight off-coloration and an obvious rope holding the center of the new, two-part face in place over a period of several months.
Defendant’s liability is not limited by the contractual provision applicable when the sign “fails to operate.” This is not a case of failure to operate.
Nor does the contract clause titled “comprehensive insurance” limit defendant’s liability to “extending the term” of the agreement. That clause defines the “insurance” to cover “the event of damage or destruction” of the sign, expressly excluding damage caused by plaintiff. Plaintiff surely does not require “insurance” to oblige defendant to repair damage caused by defendant A fair reading of that provision therefore understands it to cover only damage or destruction from natural causes, and consequently that clause’s provision for “extending the term of this agreement for such period of time as display may be unavailable for use” cannot be construed as limiting defendant’s liability for damage that its own breach causes.
We hold defendant liable for damages for breach under ordinary contract law. The amount of lost business that plaintiff suffered is not, and perhaps cannot be, established. And, while plaintiff’s petition had sought replacement of the two-piece face with a one-piece face, plaintiff later accepted the two-piece face by having certain colors (of two chefs and pizza) corrected by defendant, so that we need not decide whether the mere existence of a joint or seam would entitle plaintiff to a new, one-piece sign face (notwithstanding that a two-piece face may be “better construction” and less subject to destruction from high winds, as had occurred to the same one-piece face on one earlier occasion).
Defense counsel had shown, by questioning of plaintiff’s president, that it was defendant’s “position that [he] would extend for the lease agreement, for the contract, your maintenance and insurance for that period of time [from April to February] for an equal amount of time.” That is not an unreasonable offer, considering the probable increase in cost of those items over their cost as fixed in the contract five years ago. Conceivably that offer misled the jury into finding that no breach had occurred. Nevertheless, that is not the legal measure of plaintiff’s damages.
We conclude that the absence and later unsightliness of the sign face justify an award notwithstanding the absence of *747 precise proof. Plaintiff contracted for the sign in order to attract business to its restaurant at a total cost of $10,529 (payable over 60 months). More probably than not, the sign would attract business and its absence, and to a much lesser extent its unsightliness, would cause a loss of business and thus a loss of profit, just as plaintiff testified. Such a loss of profit is compensable under C.C. 1934. Our rough-justice estimate is $750.
Plaintiff also argues that, after plaintiff had earlier obtained a default judgment, it was error for the trial judge to grant a new trial on the ground that defendant had sent to plaintiffs counsel an answer that defendant did not file with the court. Conceding plaintiffs point that only filing with the court can prevent a default, we cannot say that the trial judge erred in ordering a new trial. C.C.P.1973 authorizes a new trial “in any case if there is good ground therefor.” Reasonable persons may differ on whether our circumstances constitute “good ground,” but for that reason that question addresses itself to the trial judge’s discretion; see Lynch v. Lynch, 422 So.2d 703 (La.App. 3 Cir.1982). We deem that discretion reasonably exercised under the circumstances.
Plaintiffs complaint of refusal of certain jury charges is moot because we have rejected the jury’s verdict.
Finally, we reject plaintiff’s demand for attorney’s fees. The general rule is that attorney’s fees (and other costs of litigation not expressly provided for by statute) are not recoverable, C.C. 3198. Plaintiff argues that it is entitled to fees under R.S. 22:658, on the theory that plaintiff paid $17 monthly for “insurance” and this action is upon that insurance. Attorney’s fees are provided by R.S. 22:658 against an insurer, in case of nonpayment within 60 days of receipt of satisfactory proof of loss. But we have reasoned that the “comprehensive insurance” clause does not cover damage caused by defendant, but only damage from natural causes, and for that reason we rejected the theory that that clause limited plaintiff's recovery for damage caused by defendant to a simple extension of the term for payment of the contract. For the same reason we reject plaintiff’s theory that this is an action on that clause as on a contract of insurance, whatever the merit of that argument in other respects. R.S. 22:658 does not authorize attorney’s fees to plaintiff in this case.
Reversed; judgment for plaintiff against John U. Barr, Jr. (doing business as O.P.A. Signs) for $750 with interest from judicial demand and all costs.