LABORDE, Judge.
Plaintiff-appellant mother Joellen Hollen-beck and defendant-appellee father Thomas David Welch had one child during their marriage. Subsequent to their divorce, custody of this child has rested with defendant father. Plaintiff filed a rule to have custody of the child changed and awarded to her or, alternatively, to implement a plan of joint custody.
The case was assigned to a district judge, who issued several written pretrial orders to plaintiff to produce and to serve on opposing counsel a list of her witnesses for the trial on the rule. These orders were ignored; no list of witnesses was ever produced or served, nor did plaintiff take any other steps to inform defendant of the identity of the witnesses she planned to call at trial. At the trial, plaintiff testified first, and defendant testified next under cross-examination by plaintiffs trial counsel. Then, plaintiff attempted to call her current husband, Clayton Hollenbeck, as her next witness. Defendant objected, and the trial judge sustained the objection. The judge ruled that, as a sanction for plaintiffs failure to comply with pretrial orders to produce the names of her witnesses, no further witnesses could be presented by plaintiff. The defendant then rested. The judge eventually held for defendant, and written reasons for judgment were issued.
Subsequently, plaintiffs trial counsel withdrew, and plaintiffs present counsel enrolled as her attorney for this matter. Plaintiff filed a motion for a new trial, arguing that her inability to present all her witnesses resulted in a miscarriage of justice. The trial judge denied plaintiffs motion.
Plaintiff now appeals. Plaintiff contends that the trial judge erred by denying her motion for a new trial.
The peremptory grounds for a new trial under Louisiana Code of Civil Procedure article 1972 are inapplicable to this case. Plaintiffs claim for a new trial is based on Louisiana Code of Civil Procedure article 1973, which provides: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
Under article 1973, the decision as to whether a new trial should or should not be granted rests within the sound discretion of the trial judge. Unless it can be demonstrated that a trial judge’s decision on a motion for a new trial under article 1973 represents an abuse of discretion, the trial judge’s ruling will not be disturbed on appeal. E.g., Lynch v. Lynch, 422 So.2d 703, 705 (La.App.3d Cir.1982).
In this case, plaintiff argues that the trial judge abused his discretion because his failure to grant a new trial on this custody matter resulted in a miscarriage of justice. Plaintiff contends that her witnesses, including her current husband and her treating psychiatrist, would have presented evidence that would have convinced the court to alter the existing custody arrangement.
In this particular case, we examine the soundness of the trial judge’s decision in the underlying custody dispute, and the factual basis therefor, in order to ascertain whether the trial judge abused his discretion by refusing to grant a new trial.
The best interest of the child is the determinative consideration in custody matters. See La.Civ.Code art. 146. In this case, the trial judge expressly based his custody ruling primarily on the testimony of plaintiff herself The trial judge noted that plaintiff is admittedly an alcoholic, she has attempted suicide several times, she has a history of unstable (and short) marriages and other problems with interpersonal relationships, she presently lives in an environment that is unfavorable for the physical and mental health of her young child, and she is presently under psychiatric treatment. The judge added, *312 based on his observation of plaintiff at trial: “[I]t is very obvious to the Court that [plaintiff] is at the present suffering from an emotional or mental illness for which the Court can well understand her present need for regular psychiatric treatment.” On the other hand, the child has lived with the father since the parties’ separation, and the father has provided a safe, stable, and loving environment for the child.
Upon examination of the trial proceedings, it can hardly be said that the trial judge’s decision to maintain custody with the father represents or is the result of a miscarriage of justice. The trial judge did not abuse his discretion by denying plaintiff’s motion for a new trial.
Based on the above reasons, the judgment of the trial court is affirmed at plaintiff Joellen Hollenbeck’s costs.
AFFIRMED.