GRISBAUM, Judge.
This appeal is the result of a hearing on a rule for support, use of the family domicile, and other related matters. We amend and, as amended, affirm.
We are called upon to decide two questions. Initially, we must determine whether the trial court abused its wide discretion in fixing the pendente lite alimony and child support awards. More importantly, we must address whether the court in a separation proceeding erred in assigning the use of the family residence, which is separate property, to the other spouse pending partition of community property.
The applicable law for pendente lite alimony is set forth in La.C.C. art. 148, which provides:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Our jurisprudence has stated that the actual needs for the maintenance and support of the wife must first be determined, and if the amount needed is proportionate to the *58 husband’s means, that amount should be awarded. If her needs exceed the husband’s ability to pay, then alimony penden-te lite should be fixed at a sum which will be just and fair to all parties involved. Desormeaux v. Brignac, 408 So.2d 32, 33 (La. App. 3d Cir.1981).
The record shows that Ms. Bulliard testified she was living in the family domicile and had done so for the past 7½ years. One child was born of the marriage. The parties separated on April 20, 1985. Ms. Bulliard is a fifth-grade teacher at Metairie Park Country Day School and has been teaching for the past 13V2 years. Her take-home pay is $1,500 per month, of which $200 per month is placed in a credit union account. The record further shows she has withdrawn $7,000 from her retirement account to pay for day-to-day expenses that have occurred subsequent to the physical separation.
As to expenses, she asserts it costs over $4,000 per month to maintain the family residence. On the basis of a statement given her by Mr. Bulliard, she estimates that in 1985 his net worth was $2,442,000 with an annual income of $125,000. She stated that living expenses for herself and the child are approximately $509 per month, along with a mortgage payment of $1,018 per month, with child care costs of $622.50 per month. In summary, she stated that for child support she needed $2,006.87 per month, along with alimony for herself of $3,853 per month. The testimony at the hearing reflected that Ms. Bulliard has an account with First National Bank of Jefferson in the amount of approximately $1,200. On cross-examination, Ms. Bulliard admitted she had a savings account of approximately $18,000, along with an IRA account of approximately $4,000.
On the other hand, Mr. Bulliard testified that he is a real estate developer and has been such for about eight years. He stated as to his 1985 income that the given figure “does not represent net cash dollars.” More importantly, he states that some of the figures represent instead estimated, non-liquid value gained by his real estate developments. Additionally, his business earnings must be used, in part, to run an office and pay salaries. Moreover, various guaranteed payments, apparently less business expenses as indicated above, were comprised in the $125,000 estimate of his 1985 income.
The testimony at the hearing did show that Mr. Bulliard owns shares in a number of real estate developments:
(1) Highlands II Office Building (sole owner; estimated 1985 value = $725,000)
(2) East Point Shopping Center (sole owner; estimated 1985 value = $5,000,-000)
(3) 4 Kinder Lane residence (estimated 1985 value = $300,000)
(4) 10 acres in St. Martinville (undivided interest; estimated 1985 value = $50,-000)
(5) An agreement to purchase 38 acres on West Esplanade Avenue (1985 estimated valued of land = $9,500,000)
At the time of trial, Mr. Bulliard had about $60,000 in cash on hand.
The record further shows Mr. Bulliard’s interest in the following partnerships:
(1) Partnership Associates (owning a building at 4405 North 1-10 Service Road; 1985 percentage value = $145,-000)
(2) Utica Associates (owning Utica Office Building; 1985 percentage value = $30,-000)
(3) Severn Place Associates (owning Severn Place Office Building; 1985 percentage value = $280,000)
(4) Lake Forest Associates (owning a shopping center on Lake Forest Boulevard; 1985 percentage value = $250,000)
(5) Edenborn Partners, Ltd. (constructing an office building on 2424 Edenborn Avenue; percentage of five percent not valued)
(6) Highland I Office Building (1985 percentage value = $362,000 — a joint venture operation)
Regarding his debts, the testimony reflects that the East Point Shopping Center is only 64 percent occupied and has run at approximately a $21,000 per month deficit. He also testified that he borrowed $30,000 *59 for operating capital in February 1986. On direct examination, he testified that his average monthly income for 1986 has been $11,036 per month, and in 1986, his business showed a net operating income of approximately $5,000, and he finally testified that his real estate values have decreased by approximately $866,000.
After a careful review of the record in its entirety and recognizing our jurisprudential mandate that the fixing of the amount of alimony pendente lite which the husband should be required to pay is largely within the sound discretion of the trial judge, and his conclusions as to the amount should not be disturbed on appeal unless there has been a clear abuse of discretion, we find the court erred. In part, the court construes Mr. Bulliard’s paper and projected assets as if they had been realized notwithstanding unrebutted testimony to the contrary. In part, it treats Ms. Bulliard’s vocation as an avocation, which it clearly is not. Finally, it sets child support far beyond the proven needs of the three-year-old child, Brandon. In light of these circumstances, we amend the judgment to award Ms. Bulliard $500 per month alimony pen-dente lite and to award $1000 per month in favor of Brandon Bulliard, these sums to be in addition to the use of the family residence.
Finally, La.R.S. 9:308 provides:
A. After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immov-ables in awarding alimony or child support.
B. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.[1]
Where community property is involved, our jurisprudence is clear that the trial court has the authority to assign the use of the family residence. We appreciate that in such case La.R.S. 9:308 in essence allows one of the owners in indivisión to maintain the residence. Moreover, with respect to a separate property residence prior to divorce, we suggest the statute establishes the possibility of judicial enforcement of the mutual duties of marriage as defined and prescribed by La.C.C. art. 119, specifically fidelity, support and assistance. After divorce, however, where one spouse owns the house outright but the other is placed into residence, an interpretation of the statute so as to allow the usurpation of someone else’s property would be problematic in the extreme, giving rise to formidable due process problems. We decline to extend La.R.S. 9:308 so far. Accordingly, where one spouse owns the family residence, we hold R.S. 9:308 supports the award of the use of such residence only pending the divorce of the parties. Therefore, the court, in awarding its use pending separation of the community property, erred. Hence, the judgment must be amended to award residence in the family home to the wife and child only until the time of divorce.
Other issues have been raised that have no merit.
For the reasons assigned, the judgment of the trial court awarding Martha Jane Smith Bulliard the use of the family domi *60 cile at 4 Kinder Lane, River Ridge, Louisiana, during the pendency of this suit “until there is a partition of the community property” is amended where quoted to read “until the parties are divorced.” Additionally, the judgment’s ordering Philip R. Bul-liard to contribute “ONE THOUSAND DOLLARS ($1,000.00) per month” to the support of Martha Jane Smith Bulliard is amended where quoted to award “FIVE HUNDRED DOLLARS ($500.00) per month.” Finally, the judgment provision ordering Philip R. Bulliard to pay “TWO THOUSAND ($2,000.00) per month” in child support is amended to read “ONE THOUSAND ($1,000.00) per month.” In all other respects the judgment is affirmed. All costs of this appeal are to be assessed against the appellant.
AMENDED AND AFFIRMED.
KLIEBERT, J., concurs.

. This is the provision as amended by Acts 1986, No. 678 § 1.