STOKER, Judge.
This appeal arises from a default judgment taken on an open account which cast both defendants liable in solido to plaintiff. Seafood, Inc. of Henderson appeals alleging there is no basis for in solido liability and there are defects in the default judgment itself. The other defendant, C & C Seafood, Inc., did not appeal.
FACTS
Plaintiff, Ecrevisse Acadienne, Ltd., purchased crawfish from C & C Seafood, Inc. in two separate transactions for a total indebtedness of $16,000, as evidenced by two invoices. Subsequently, defendant, Seafood, Inc. of Henderson, purchased crawfish to the amount of $45,000 from plaintiff, to be delivered to defendant at the place of business of codefendant, C & C Seafood, Inc., in Acadia Parish, as evidenced by an invoice. Plaintiff credited its debt of $16,000 owed to C & C Seafood, Inc. against the $45,000 owed to plaintiff by Seafood, Inc. of Henderson, resulting in a balance of $29,000 owed to plaintiff, as evidenced by invoices, which was ■ never paid.
Plaintiff filed a petition on open account against C & C Seafood, Inc. and Seafood, Inc. of Henderson alleging a solidary indebtedness of $29,000. Both defendants were personally served through their agents for service of process. Neither defendant answered and preliminary defaults were taken against them. Following the presentation of invoices, demand letters to defendants and an affidavit of correctness in open court by plaintiff, the judgment of default was confirmed against defendants, in solido.
Subsequently, Seafood, Inc. of Henderson filed a motion for new trial which was denied after a hearing. Seafood, Inc. of Henderson appeals from both the default judgment and the denial of the motion for new trial.
ASSIGNMENTS OF ERROR
Defendant-appellant Seafood, Inc. of Henderson assigns as errors the following:
1. The trial court erred in granting a default judgment in this matter on the ground that insufficient proof was adduced to prove a prima facie case.
2. The trial court erred in failing to grant a motion for new trial.
3. The trial court erred in granting a default judgment in this matter because of plaintiffs failure to comply with LSA-C.C. P. art. 1702.1, which requires certification of all necessary elements of proof.
ASSIGNMENT 1
Defendant contends that plaintiff did not establish a prima facie case showing that Seafood, Inc. of Henderson is in *290 debted to plaintiff or solidarily liable with C & C Seafood, Inc. However, the invoice No. 223 clearly shows that Seafood, Inc. of Henderson ordered $45,000 worth of craw-fish from plaintiff, to be delivered to it at C & C Seafood, Inc. Plaintiff established that this was not paid in full. Further, the fact that defendant Seafood, Inc. of Henderson’s balance owed on its account with plaintiff was reduced by the amount owed by plaintiff to C & C Seafood, Inc. raises an inference that the defendants maintained a single account with plaintiff. Particularly indicative of this conclusion is the fact that neither C & C Seafood, Inc. nor Seafood, Inc. of Henderson alleged an error in plaintiffs crediting the account in this manner. This, together with the fact that Seafood, Inc. of Henderson received its crawfish shipment at the location of C & C Seafood, Inc. justified the trial court’s finding that the defendants were solidarily liable to plaintiff. Appellant makes no claim that Acadia Parish is not the domicile of C & C Seafood, Inc. Therefore, we may presume for purposes of the default judgment that Acadia Parish was the domicile of C & C Seafood, Inc. and venue was correct as to that defendant. Under the circumstances, venue was proper as to Seafood, Inc. of Henderson, Inc. as a solidary obligor. LSA-C.C.P. art. 73. Moreover, had it not been, any objection to venue would be considered waived by defendant’s appearance in that court without a timely objection to venue. See LSA-C.C.P. art. 44.
Defendant-appellant complains that the affidavit of correctness submitted by plaintiff with the invoices is defective because it does not state that the affiant is familiar with the “accounts, books and business” of plaintiff. However, the affi-ant states that he is the vice-president of Ecrevisse Acadienne, Ltd. and proceeds to state the details of defendants’ account with Ecrevisse Acadienne. Clearly, the af-fiant was familiar with plaintiff’s accounts. Neither the cases cited by defendant[1] nor LSA-C.C.P. art. 1702 require such a statement to be set forth in the affidavit of correctness. Failure to so state does not constitute a defect in plaintiff’s affidavit of correctness.
Nor do we find a contradiction between the documentary evidence and the petition. The petition merely indicates “C & C Seafood, Inc. and/or Seafood, Inc. of Henderson” as the obligors on the open account. At least one of the defendants is named on each invoice and check relating to the account. The cases cited by defendant[2] which found insufficient evidence of liability also found that the plaintiff failed to establish the defendant was individually liable for a corporate account. In the case before us, both defendants are corporations operating from a single account with plaintiff.
A presumption exists that the judgment was rendered upon sufficient evidence and that it is correct when the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and fhat the law and evidence favor plaintiff and are against defendants. Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976). We find that the plaintiff did establish a prima facie case against defendants.
ASSIGNMENT 2
Defendant alleges the trial court erred in denying its motion for new trial. LSA-C. C.P. art. 1972 states:
“Art. 1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the case, which he could not, with due dil *291 igence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.”
LSA-C.C.P. art. 1973 states:
“Art. 1973. Discretionary grounds
A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
We have already determined that the plaintiff bore its burden of proof for obtaining a default judgment against defendants. Therefore, LSA-C.C.P. art. 1972 (1) is inapplicable. Furthermore, since defendant did not answer or appear in the default judgment proceedings and has not alleged that it has any new evidence, we do not believe that C.C.P. art. 1972 (2) could apply in this case.
The granting or refusal of a motion for new trial under LSA-C.C.P. art. 1973 is within the sound discretion of the trial court, whose action will not be disturbed on appeal unless it clearly appears that it has abused its discretion. Lynch v. Lynch, 422 So.2d 703 (La.App. 3d Cir.1982). Since plaintiff bore its burden of proof in establishing a prima facie case against defendants, we cannot say that the trial court abused its discretion in denying defendant’s motion for a new trial.
ASSIGNMENT 3
Defendant asserts that plaintiff failed to comply with LSA-C.C.P. art. 1702.1, relative to certification of all necessary elements of proof in obtaining the default judgment. LSA-C.C.P. art. 1702.1 applies only to a confirmation of a default judgment without a hearing in open court. In the case before us, the minute entry fails to state that the plaintiff’s attorneys were present in court at the confirmation, but does state that the case was tried and submitted and judgment rendered in open court. The judgment itself states that it was rendered in open court. Defendant submits that a failure of the minute entry to include a statement that plaintiff’s attorneys were present means that they were not present. Plaintiff contends its attorneys were present and that the minute entry is deficient. We find that, in the absence of a positive statement in the minute entry as to the presence or absence of plaintiff’s attorneys, we will presume they were present since the judgment was rendered in open court and the judgment does state that sufficient proof was presented. See Lynch v. Lynch, supra. Therefore, there was no need for compliance with the certification requirements in LSA-C.C.P. art. 1702.1.
DECREE
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. DePaul Hospital v. Celestin, 463 So.2d 694 (La.App. 4th Cir.1985); Lafitte Sash and Door Co., Inc. v. Robert Bros. Homes, Inc., 411 So.2d 1120 (La.App. 4th Cir.1982).

. Carboline v. Hymel, 335 So.2d 45 (La.App. 4th Cir.1976); A. Baldwin & Co., Inc. v. B & R. Fences, Inc., 365 So.2d 943 (La.App. 4th Cir.1978); Holbrook v. Palermo, 352 So.2d 419 (La.App. 3d Cir.1977).