385 So.2d 402 (1980)
Lizzie Roberson DOUGLAS
v.
Norris DOUGLAS.
No. 13358.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Ralph L. Roy, Baton Rouge, of counsel, for plaintiff-appellant.
William L. Kimball, Port Allen, of counsel, for defendant-appellee.
*403 Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff-appellant, Lizzie Roberson Douglas, seeks reversal of a trial court judgment granting her a separation from bed and board from her husband, Norris Douglas, but finding both parties mutually at fault. Appellant additionally complains that the $125.00 per month award of alimony pendente lite was too low. We affirm.
The record shows that Mr. and Mrs. Douglas originally met at the bar where she worked, the Black Stallion, and were married in 1965. Mrs. Douglas, eight years older than her husband, had two children by a prior marriage. Working as a beautician, both prior and subsequent to her marriage to the defendant, she sent both children through college.
Domestic tranquillity in the Douglas home, owned separately by the plaintiff, has frequently been shattered by arguments, primarily over Mr. Douglas' predilection for staying out overnight and frequenting such bars as the Roadrunner and the Paradise Inn.
Mrs. Douglas objects to her husband's life-style and, apparently, is quite jealous. On at least one occasion, she contacted the local sheriff in an attempt to prevent future visits from a woman she believed was driving up to her house to see her husband. Mr. Douglas obstinately refuses to change his unusual life-style, which, to a degree, must have been known to plaintiff from the outset of their courtship.
On several occasions, Mr. Douglas has packed his bags and temporarily left the family domicile. He testified that his wife told him to get out numerous times, including his final exodus prior to this suit. Mrs. Douglas maintains that he left of his own volition.
At trial on the merits, plaintiff strove mightily to prove her husband was an adulterer. The testimony of both her investigators was wholly discredited, however. No adultery was proven.
Clearly, the Douglas marriage has been tottering for some time. Both spouses refuse to change their ways, yet insist that the other do so. Both argue frequently and temporary breakups occur. Cruel treatment abounds.
The judgment of separation was granted under the authority of LSA-C.C. Art. 141, which provides:
"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
For mutual fault to exist, each party must have been guilty of conduct sufficient to constitute an independent ground for separation, even though one may be guilty of greater fault than the other. Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979), writ denied 371 So.2d 1341 (1979). See also Watson v. Watson, 372 So.2d 639 (La.App. 1st Cir. 1979) and Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir. 1978).
The trial court evidently found that each spouse was guilty of cruelty such as would permit a separation from bed and board under LSA-C.C. Art. 138(3). Credibility determinations by the trier of fact are entitled to great weight and there should be no reversal without a finding of manifest error. Watson v. Watson, supra. The record in this case fully supports a finding of mutual fault. There was no manifest error.
We find no merit in plaintiff's claim that the alimony pendente lite award of $125.00 per month was inadequate. On her own earnings, Mrs. Douglas managed to send two children through college and has supported herself for the past year. Her income tax return showing earnings of only $350.00 in a whole year openly conflicts with her testimony at trial that she netted $125.00 per month. It is quite likely that the trial court took into consideration both the fact that her earnings are on a cash basis and not subject to verification and Mr. Douglas' testimony that his wife's business did quite well.
*404 Mrs. Douglas' claims that she is now unable to work must fall on deaf ears. She and her counsel chose not to introduce medical evidence or call physicians to testify at trial.
We note that Mr. Douglas agreed to pay his wife's past due medical bills and to maintain the insurance, at least until a final divorce. His earnings and expenses were carefully documented.
The determinative issue is the award's adequacy in light of all the circumstances. A trial court has wide discretion and, even if the reviewing court considers the award to be low, the award will not be disturbed unless it is so low as to constitute an abuse of discretion. Meyer v. Meyer, 371 So.2d 1304 (La.App. 4th Cir. 1979), writ denied 373 So.2d 546 (1979); Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir. 1979). There was no abuse of discretion in the present case.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Lizzie Roberson Douglas.
AFFIRMED.