413 So.2d 1331 (1982)
Shirley Woods BLACKWELL
v.
Dewey W. BLACKWELL.
No. 14698.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Fannie Burch, Amite, for plaintiff.
A. Wayne Stewart, Denham Springs, for defendant.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Shirley Blackwell, filed suit against her husband, Dr. Dewey Blackwell, seeking a separation from bed and board, *1332 custody of their two minor children, alimony, child support and injunctive relief. Cruel treatment was alleged as the grounds for the separation. Dr. Blackwell filed an answer denying the allegations of the petition and filed a reconventional demand for a separation from bed and board also based upon allegations of cruel treatment. Subsequently, Dr. Blackwell filed a supplemental petition, requesting a separation from bed and board based upon mutual fault.
After trial, the trial judge took the matter under advisement and later rendered judgment in favor of appellant, granting her a separation. This judgment also incorporated the parties' agreement as to custody, child support and alimony. No reasons for judgment, oral or written, were given.
Dr. Blackwell's motion for a new trial, and Mrs. Blackwell's motion to re-open the case to consider a single portion of the judgment, were granted and a new trial was held on September 5, 1980.[1] With the exception of one provision not relevant to this appeal, the previous judgment was reinstated by the trial judge for oral reasons given at the conclusion of the hearing.
Defendant's initial appeal was remanded to the trial court because of the trial judge's failure to sign the amended judgment. Blackwell v. Blackwell, 399 So.2d 703 (La.App. 1st Cir. 1981). The amended judgment was signed by the trial judge on April 6, 1981, and defendant has perfected a devolutive appeal.
Dr. Blackwell contends that the trial court erred in awarding his wife a separation and in denying his reconventional demand against his wife. Alternatively, Dr. Blackwell asserts that the trial court should have granted a separation based on mutual fault.
Mrs. Blackwell's petition asserted that she was entitled to a separation on the basis of her husband's cruel treatment of such a nature as to render their living together insupportable. The petition made allegations of physical and verbal abuse by Dr. Blackwell. At trial, Mrs. Blackwell testified with regard to the incidents of abuse to which she allegedly was subjected. A number of members of her family also testified that they had seen bruises on the plaintiff on a few occasions. Mrs. Blackwell also claimed that her husband often had affairs with other women.
The trial court, in oral reasons for judgment, made the following findings:
"Now, let me make one thing abundantly clear. It was not the ruling of this Court in it's (sic) judgment of July 9, 1980, that Dr. Blackwell was a wife-beater. It was not my ruling, not my finding, that he was a wife beater, or that he had committed adultery. The Court felt that the accumulation of circumstances and events, maybe as a result or necessity of the practice of medicine and the devotion to the healing of the sick, I felt that there had been neglect to the extent that Dr. Blackwell was at fault. Nothing I've heard today changes my opinion, but again, it was not my decision, not my feeling that he was a wife beater. There was no corroboration of the charges of adultery."
These reasons for judgment clearly indicate the trial judge's conclusion that plaintiff failed to prove either physical abuse or adultery by Dr. Blackwell. They further indicate that Mrs. Blackwell was granted a separation by the trial court on the ground of neglect.
Defendant contends that the trial court erred in awarding a separation in favor of plaintiff in light of the factual findings that there was no proof of physical abuse or adultery. He further asserts that there was no proof of neglect which would justify an award in favor of Mrs. Blackwell. We agree.
As noted above, the trial court found that plaintiff was not guilty of adultery or of abusing his wife. These determinations are findings of fact which are entitled to great weight on review, particularly in domestic cases such as the present one, where factual *1333 findings largely depend upon a determination as to the credibility of witnesses. Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980), writ denied, 386 So.2d 358 (1980); Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir. 1976). Such factual findings should be reversed only upon a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Douglas v. Douglas, supra. Our review of the record reveals no such error.
Therefore, the issue which we are called upon to resolve is whether the trial court properly granted Mrs. Blackwell a separation on the basis of her husband's "neglect." Neglect, as such, is not contained in the list of causes for separation set down in LSA-C.C. art. 138. It is likely, however, that the trial judge concluded that defendant's neglect constituted cruel treatment under LSA-C.C. art. 138(3). In order to constitute cruel treatment under LSA-C.C. art. 138(3), the abuse suffered need not be physical, but may be in any form which renders living together insupportable. Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
There is absolutely no proof in the record of any neglect by defendant insofar as support, maintenance and caring for his wife and children are concerned. Rather, the neglect which the trial court found defendant guilty of is that which is "a result or necessity of the practice of medicine and the devotion to the healing of the sick...." This "neglect" which the trial court relied upon stems from the extremely long hours that Dr. Blackwell works and the amount of time which he spends away from home.
Dr. Blackwell is a native of Hammond, Louisiana, who returned home three years ago after completing his internship. Dr. Blackwell is engaged in a private practice which occupies a large portion of his time. He testified that his ordinary day starts at the hospital at 8:00 A.M., where he makes rounds to see his patients. He then sees patients at his office from 9:00 A.M. to 5:00 P.M., but usually gets through later than 5:00 P.M. Dr. Blackwell testified that sometimes he goes home to supper prior to evening rounds at the hospital, but sometimes he does not. He testified that it is not uncommon for him to be at the hospital until late at night. Additionally, Dr. Blackwell often works on weekends and late at night in the hospital emergency room. Dr. Blackwell testified that he worked these long hours because he loves medicine and he is trying to establish a successful medical practice.
The trial court erred in awarding Mrs. Blackwell a separation on the basis of this "neglect." We do not believe that the actions of the defendant, a young doctor working long hours in order to develop a successful medical practice, constitute deliberate neglect on his part which amounts to cruel treatment for purposes of LSA-C.C. art. 138. See Ducros v. Ducros, 156 La. 1033, 101 So. 407 (1924). Therefore, the judgment awarding a separation in favor of Mrs. Blackwell must be reversed.
Dr. Blackwell further contends that the trial court erred in failing to award a judgment of separation in his favor. According to appellant, he is entitled to a judgment of separation because of the following actions by his wife: 1) constantly accusing him, without cause, of infidelity; 2) ordering him to leave the matrimonial domicile and threatening to have him forcibly removed if he refused; 3) attacking him without cause on the evening of December 29, 1979; and 4) public defamation.
The trial court did not give reasons for the denial of Dr. Blackwell's claim. It is presumed that a trial judge properly applies the correct rule of law to evidence in a case. Helms v. Helms, 349 So.2d 441 (La. App. 3rd Cir. 1977). Since the trial judge did not render judgment on behalf of Dr. Blackwell, he presumably concluded that Mrs. Blackwell was not guilty of fault sufficient to constitute a grounds for separation. Such conclusions are factual and, due to the trial judge's superior position for judging credibility in such cases, should not be overturned in the absence of manifest error. Douglas v. Douglas, supra. Our review of the record reveals no such manifest error.
*1334 Finally, we reject appellant's alternative claim that the trial judge should have awarded a separation based on mutual fault. In order for a mutual fault separation under LSA-C.C. art. 141 to be properly granted, each party must be guilty of conduct sufficient to constitute an independent grounds for separation under LSA-C.C. art. 138. Douglas v. Douglas, supra; Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979), writ denied, 371 So.2d 1341 (1979). In light of our conclusion that neither party is entitled to a judgment of separation, the standard for a mutual fault separation obviously is not met.
For the foregoing reasons, the judgment of the district court is reversed and this case is dismissed. Costs of this appeal are assessed against plaintiff-appellee.
REVERSED AND DISMISSED.
NOTES
[1] The transcript of testimony from the first trial was introduced into evidence at the second trial by counsel for the plaintiff. See LSA-C. C.P. art. 1978.