ALFORD, Judge.
This is an appeal from an award of alimony pendente lite and child support. The sole question presented on this appeal is the sufficiency of the amount awarded by the Trial Court. Appellant, Mrs. Rita Jowers Latham, filed suit seeking separation, custody of the couple’s minor child, alimony and child support. Appellee, Mr. Parnell Latham, reconvened for separation and custody of the child. Additionally, both parties sought injunctions against the other prohibiting alienation of community property and harassment.
The matter was heard on March 10, 1982, and judgment was signed on May 12, 1982, granting appellant custody of the child as well as alimony and child support. The judgment awarded appellant possession of the family home with appellee ordered to pay all utilities, repair and maintenance expenses and telephone expenses of fifty dollars a month. Additionally, appellee was ordered to maintain appellant on his major medical and hospitalization policies until an absolute decree of divorce is rendered, and to maintain the minor child on said policies until she reaches the age of eighteen. Ap-pellee was also ordered to pay all costs of maintaining the child’s private school education. Further, appellant was granted the exclusive use of a late model automobile with appellee ordered to pay all insurance, maintenance, repairs and a one hundred dollar a month gas allowance.
In addition to the above, the judgment provided for visitation rights for appellee and reciprocal injunctions barring harassment and alienation of community property. Finally, the judgment awarded the sum of seven hundred and seventy-five dollars a month alimony pendente lite and child support.
Appellant’s only assignment of error is her contention that the trial judge erred in failing to award an amount of alimony and child support adequate to maintain her and her child in the style to which they had become accustomed, commensurate with ap-pellee’s ability to pay. We disagree.
At the outset, we note that the trial judge’s findings of fact, particularly in domestic cases, are entitled to great weight. Blackwell v. Blackwell, 413 So.2d 1331 (La.App. 1st Cir.1982). Furthermore, these findings of fact should not be disturbed on appeal, absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no such manifest error in this case.
LSA-C.C. art. 148 provides,
“If the spouse has not sufficient income for maintenance pending suit for separa *930 tion from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
It is apparent from the transcript that the trial judge felt, it in the best interest of all the parties to hand down a detailed judgment rather than merely award a large sum of money and have appellant apportion it for her and her child’s needs. The judgment as signed, appears to maintain appellant and her child in essentially the same lifestyle they enjoyed prior to the separation. They are living in the same house with no appreciable expenses, using the same automobile with a gas allowance and protected by the same insurance benefits. As regards necessities, the only things not provided for appears to be food and personal items. The Court feels that when the value of the services and benefits appellee is ordered to provide is added to the seven hundred and seventy-five dollars a month cash award, the judgment is reasonable.
Appellant argues that her expenses are far in excess of that determined by the trial judge and that appellee has the means to pay in excess of what he was cast in judgment for. Evidence as to appellee’s means showed that his salary directly fluctuated according to the gross receipts of his two businesses. At the time of the hearing, the evidence was to the effect that appellee had a net salary of $7,750.00 per month with net assets of $469,804.00. Appellee further testified that he would soon not be able to draw a salary from one of his businesses due to the depressed state of the company. The trial judge, who is in the best position to judge credibility, apparently believed appellee’s evidence as to the general decline in his business interests and thus made sure that appellant’s and the child’s necessities were provided for and granted a smaller cash sum. We find nothing manifestly wrong with this approach given the facts of this case.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed, with costs of this appeal to be borne by appellant.
AFFIRMED.