ALFORD, Judge.
This is an appeal from a judgment denying plaintiff-appellant's request to reduce child support and to alter the existing child custody arrangements. Appellant, Emmet P. Lajaunie, Jr., divorced the defendant-ap-pellee, Ada Galloway Lajaunie, in January, 1980. At that time, he consented to pay $350 per month child support and to award sole custody of the couple’s minor child to the appellee. Additionally, he agreed to maintain medical insurance on the child.
These parties have been before the courts on numerous occasions since that time, with the appellant seeking reduction in support and changes in visitation privileges and the appellee seeking enforcement of the support award through both civil and criminal contempt actions. The $350 award has been consistently upheld, and the appellant’s wages have been garnished to secure payment.
Appellant filed the rule which we are concerned with in this appeal on April 6, 1984, urging a change in circumstances since the refusal of the August 26, 1982, application for reduction of support payments. Appellant also seeks joint custody of the minor child, Patricia. After hearing the evidence, the trial judge determined that no reduction of support or change of custody was warranted. We affirm.
In the instant case, appellant and his second wife were married shortly after his divorce from the appellee was final. The second Mrs. Lajaunie has a minor child by a previous marriage who resides with the couple in Jefferson, Louisiana. This child has a medical problem that requires regular attention. Mrs. Lajaunie receives $100 per month support for this child from her ex-husband who is domiciled in Texas. Since their marriage, the Lajaunies have had two children. At the time of the 1982 request for reduction of the support payments, the couple had one child of their own and Mrs. Lajaunie was employed full time. When appellant filed the present rule, they had two children of their own and Mrs. Lajaunie was employed only on an intermittent basis.
Appellant argues that the trial court erred in failing to consider (1) indebtedness or costs of a second marriage, (2) the birth of subsequent children and (3) the substantial drop in his second wife’s income when determining that there was no change in his circumstances sufficient to allow a reduction in child support. While we agree that expenses incurred, especially in regard to children of the second marriage, may be considered in determining if there has been a change in financial circumstances, these expenses alone are not necessarily sufficient to allow a reduction in support payments. The ultimate determination must be based on whether the appellant proves a change based on the totality of the pertinent circumstances involved. Marcus v. Burnett, 282 So.2d 122 (La.1973).
There is evidence on the record that the trial court considered a number of factors. The court was aware of the expenses generated by appellant’s stepson as well as additional obligations incurred since 1982 through the purchase of a van and the birth of a child. The court stated in its reasons that the appellant’s personal take home pay had increased about $192 per month to a total of $1481 since the denial of his 1982 reduction request. We note here that the trial court’s calculation of this amount is probably somewhat low because during two of the eight pay periods considered by the court, the child support payments had been deducted by garnishment prior to fixing the amount of net pay. Additionally, the court found the appellee and her daughter are faced with what it termed reasonable expenses of $1018.50 per month (the child’s share being shown as $373 per month exclusive of housing and nuturing). *41 The appellee’s take home pay is $643.00 per month.
The record shows that the second wife’s salary was not considered when the appellant agreed to pay $350 per month child support. However, appellant contends that his wife’s loss of income should be considered now because her income was considered by the court in refusing to reduce in 1982. At that time, the judge merely noted the second wife’s take home pay was $860 per month, but there was no indication that the court specifically looked to her salary in refusing to reduce the award. The court observed that even though the appellant’s obligations had increased with a second marriage, he still had money to buy a house in addition to other expenditures. The court in 1982 stated it was not convinced the appellant had shown an entitlement to a reduction in child support.
The trial judge’s findings of fact, particularly in domestic cases, are entitled to great weight. Latham v. Latham, 428 So.2d 928 (La.App. 1st Cir.1983). These findings of fact should not be disturbed on appeal, absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Given the facts in the instant case, we can find nothing manifestly wrong with the trial court’s determination.
The appellant also urges that the trial court erred in failing to change the original award of sole custody to one of joint custody. The best interest of the child is the sole criterion in a change of custody case. Everett v. Everett, 433 So.2d 705 (La.1983). The trial court judge has wide discretion in determining which arrangement will serve the child’s best interests. Lachney v. Lachney, 446 So.2d 923 (La.App. 3d Cir. 1984), writ denied, 450 So.2d 964 (La.1984). Therefore, the trial court judge’s determination will not be disturbed unless a clear showing of abuse of discretion is made. Everett, supra.
In the instant case, Patricia, age 9, has been in her mother’s custody since the divorce. They reside in Patterson, Louisiana. The record shows that both the child and the appellee want the child and the appellant to visit on a regular basis. Appellant’s requests for specific visitation times have been granted and visitation has been encouraged by the court. In spite of these facts, appellant has consistently failed to exercise his privileges. The appellant’s current visitation rights include the second weekend of every month, alternating major holidays (one of which is the child’s birthday), one week during Christmas vacation but not necessarily Christmas day, and three weeks during the summer. The record shows that appellant had not visited with or telephoned his daughter for more than a year prior to the date of the trial on this rule, and that prior to that time he had visited with her only once or twice a year. In fact, appellant admits that weekend visits are inconvenient because of his job, and that he wants the child to visit for prolonged periods twice a year.
The appellant contends his failure to contact his daughter is caused by the animosity between the ex-spouses. The court found that the appellee did not prevent visitation although she did not help arrange it. In one instance, she voluntarily brought the child to New Orleans to visit with the appellant. Appellee wants the child picked up at her home; appellant does not want to go to appellee’s house. The court noted that these arguments were frivolous, but did stipulate that visitation, when desired by appellant, would be arranged through the appellant’s parents who live near appellee when they are at home. When his parents are traveling, appellant has been ordered to contact appel-lee directly to exercise his privileges.
A review of the record shows no abuse of discretion by the trial court in determining that there would be no change in custody, based on the best interests of the child.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed, with costs of this appeal to be borne by the appellant.
AFFIRMED.