805 So.2d 1286 (2002)
BELLE TERRE LAKES HOME OWNERS ASSOCIATION
v.
Patricia McGOVERN, Divorced Wife of Lynn E. Williams, Sr. and Wife of Ronald J. Landry.
No. 01-CA-722.
Court of Appeal of Louisiana, Fifth Circuit.
January 29, 2002.
Rehearing Denied February 19, 2002.
*1287 V.M. Wheeler, III, New Orleans, LA, Atoundra Pierre, Luling, LA, Counsel for Belle Terre Lakes Home Owners Association, Plaintiff-Appellee.
Ronald J. Landry, LaPlace, LA, Counsel for Patricia McGovern Landry, Defendant-Appellant.
Panel composed of Judge EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
ROTHSCHILD, Judge.
In this suit for declaratory and injunctive relief, defendant, Patricia McGovern Landry, appeals from a summary judgment rendered in favor of plaintiff, Belle Terre Lakes Home Owners Association, granting a permanent injunction against her. For the reasons stated more fully herein, we affirm the trial court's judgment and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
On June 7, 1999, Patricia McGovern Landry (hereinafter "Mrs. Landry"), purchased a lot and home from Landcraft, Inc. located in Phase IV of the Belle Terre Lakes Subdivision in LaPlace, Louisiana. Prior to Mrs. Landry's acquisition of the property, certain building and use restrictions were placed on the property by Belle Terre Land, L.L.C., the developer of the property. The "Declaration of Covenants, Conditions, & Restrictions for Belle Terre Lakes" was properly recorded in the conveyance records of St. John the Baptist Parish in June of 1998 and were referenced in the act of sale to Mrs. Landry. These restrictions are referred to in briefs and hereinafter in this opinion as the "restrictive covenants."
Pursuant to the terms of the restrictive covenants, an architectural control committee was constituted and empowered with the authority to review all plans, specifications and improvements to the property and to either approve or disapprove *1288 of same. Further, according to this document, the Belle Terre Lakes Home Owners Association, along with the architectural control committee, was charged with the responsibility of enforcing the provisions of the restrictive covenants.
In August of 1999, Mrs. Landry was notified by the Belle Terre Lakes Home Owners Association of certain violations of the restrictive covenants regarding her property. Specifically, this notice referred to the location of a satellite dish on Mrs. Landry's home and the placement of the framework on Mrs. Landry's fence. Mrs. Landry responded to this notification, but the parties were unable to resolve these claims.
By letter dated April 11, 2000 written by counsel on behalf of the Home Owners Association, formal notice and demand was made on Mrs. Landry to correct and/or cure the above-referenced violations with ten days of receipt of the letter. Mrs. Landry failed to comply with the terms of this demand.
Thereafter, on April 26, 2000, the Home Owners Association filed a Petition for Declaratory Judgment, Preliminary Injunction and Permanent Injunction against Patricia McGovern Landry alleging violations of the restrictive covenants applicable to defendant's property. By this petition, the Home Owners Association sought a declaratory judgment and a preliminary and permanent injunction ordering Mrs. Landry to correct the alleged violations.
Mrs. Landry initially filed several exceptions to this petition, including an exception of prematurity and exceptions of no right and/or cause of action. These exceptions were subsequently overruled by the trial court. On October 13, 2000, Mrs. Landry filed an answer generally denying the allegations of plaintiff's petition. Thereafter, the Home Owners Association moved for partial summary judgment seeking injunctive relief and attorney's fees. Attached in support of this motion was an affidavit of Harold Flynn, a member of the architectural control committee who stated that no approval had been requested or granted for the fence on defendant's property or for the satellite dish. Plaintiff also attached a copy of Mrs. Landry's response to the request for admissions, as well as copies of correspondence between the parties concerning this dispute.
The trial court held a hearing on plaintiffs motion for summary judgment on February 15, 2001. The day before the hearing, counsel for defendant filed an amended answer and submitted an affidavit of Mrs. Landry. The trial court heard argument of counsel, and the matter was submitted without objection from either party on the pleadings, depositions and affidavits.
By judgment dated March 5, 2001, the trial court granted summary judgment in favor of plaintiff for all relief sought in the petition. The judgment ordered Patricia McGovern Landry to remove the satellite dish and fence from her property and to comply with the terms of the restrictive covenants. The trial court also determined that plaintiff was entitled to costs, expenses and reasonable attorney's fees incurred in this litigation, in an amount to be set by the court upon submission of supporting documents. The trial court also assigned detailed reasons for judgment.
On appeal, appellant asserts the following assignments of error:
1. The trial court erred in ordering the removal of the fence and satellite dish based solely on the lack of approval obtained by defendant.
*1289 2. The trial court erred in granting summary judgment when there were material issues of fact left unresolved.
3. The trial court erred in denying the exceptions of prematurity, no cause and/or right of action.
4. The trial court erred in granting summary judgment on the issue of attorney's fees.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of an action. LSA-C.C.P. art. 966(B); Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The procedure is favored and shall be construed to accomplish these ends. Id. The burden of proof lies with the movant. LSA C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported with affidavits made on personal knowledge which affirmatively show the affiant's competency to testify, an adverse party may not rest on the mere allegations or denials of the pleadings. LSA C.C.P. art. 967; Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La. App. 1 Cir.1990), writ denied, 573 So.2d 1136 (La.1991). Rather, the adverse party must set forth specific facts showing that there is a genuine issue of material fact. If the party does not so respond, summary judgment, if appropriate, shall be rendered against it. Id.
In the present case, plaintiff contended in its petition that appellant violated the provisions of the restrictive covenants applicable to the property by failing to obtain approval for the construction of a fence on the property or for the placement of a satellite dish on defendant's home. Further, plaintiff claimed that both the construction of the fence and the placement of the satellite dish were in violation of the provisions of the covenants.
The trial court concluded that appellant was in violation of Sections 4.13 and 5.09 of the restrictive covenants burdening her property in that she failed to obtain approval of these improvements from the architectural control committee.
Section 4.13 provides that:
The location of the satellite dishes smaller than 24 inches in diameter shall be approved by the Architectural Control Committee.
Section 5.09 provides that:
No fence shall be constructed without the prior written consent of the Architectural Control Committee.
By this appeal, appellant first argues that the trial court's finding of lack of prior approval was insufficient to warrant issuing a permanent injunction requiring the removal of the fence and satellite dish from appellant's property, citing Lieber v. Rust, 398 So.2d 519, 523 (La.1981). In that case, the court determined that a pier owner was not required to remove his pier for failure to obtain approval of a subdivision's architectural control committee. However, this holding was based on the fact that the pier in question was built on the shore area of a lake which the City of Shreveport had the authority to regulate. The court found that based on this authority, the City specified the location of the pier, and the lack of approval for the placement of the pier by the subdivision was immaterial. We find that the facts of the Lieber case are distinguishable from the facts of the present case where the only restrictions placed on appellant's property were contained in the restrictive covenants. Appellant's first assignment of error is without merit.
*1290 Appellant next contends that there exist material issues of fact which preclude summary judgment in this case. Appellant argues that there remains an unresolved question as to whether the prior approval required for the construction of a fence within the subdivision was abandoned by the Home Owners Association for failure to enforce this provision in other instances.
Abandonment, as it relates to building restrictions, is governed by LSA-C.C. art. 782, which provides:
Building restrictions terminate by abandonment of the whole plan or by a general abandonment of a particular restriction. When the entire plan is abandoned the affected area is freed of all restrictions; when a particular restriction is abandoned, the affected area is freed of that restriction only.
Abandonment of a particular restriction is predicated on a sufficient number of violations of that restriction in relation to the number of lots affected by it. See, Revision Comments, C.C. art. 782. Further, once a violation of a building restriction has been established, the burden shifts to the violator to prove abandonment of a particular restriction. Cook v. Hoover, 428 So.2d 836 (La.App. 5 Cir. 1983). To determine whether building restrictions have been waived, there are three areas of consideration; the number of violations, their character and the adverse reaction of property owners to those violations. Mouille v. Henry, 321 So.2d 377 (La.App. 3 Cir.1975).
In this case, the Home Owners Association submitted evidence that defendant failed to obtain approval for the construction of the fence. Mrs. Landry admitted that she purchased the home and lot from Landcraft, Inc. and that she never obtained approval for the fence from the architectural control committee prior to the construction of the fence. The deposition of a representative of Landcraft, Inc. was also submitted which includes testimony that the homebuilder never received written consent from the architectural control committee prior to the construction of the fence.
In support of her claim of abandonment, Mrs. Landry submitted her own affidavit, in which she states that the Home Owners Association did not produce any requests for approvals or approvals from other landowners regarding the construction of their fences and that the developer of the property had constructed numerous other fences throughout the subdivision which appeared to be in violation of the covenants. However, we fail to find that these statements in appellant's affidavit create a genuine issue of material fact. In order to prove abandonment of the restrictions as to fences within the subdivision, Mrs. Landry has the burden of proving a sufficient number of violations of the restrictions applicable to the property. Although she generally referred to other fences in the subdivision, she failed to show that these were in fact violations which had not been approved as required by the covenants. Our review of the record fails to show that appellant produced sufficient factual support to demonstrate that she would meet her evidentiary burden at trial on her defense of abandonment. Absent such factual support, summary judgment was properly granted.
With regard to the satellite dish, appellant contends that an issue of fact exists as to whether she requested approval for the placement of the dish. In her affidavit, Mrs. Landry stated that she was informed by Harold Flynn, a member of the architectural control committee, that approval of the satellite dish would be given if she obtained a letter from the installer of the dish that the present location *1291 was the only place a signal could be received. She stated she obtained such a letter and forwarded it to Mr. Flynn. However, the record also indicates that Mrs. Landry admitted in discovery that she never obtained approval for the placement of the satellite dish. Further, the Home Owners Association submitted the affidavit of Mr. Flynn who stated that no approval for the placement of appellant's satellite dish had been given. The record also contains the deposition testimony of the installer of the satellite dish who stated that the dish could be relocated without interference with the signal.
Mrs. Landry's affidavit stating that she requested approval fails to support her claim that she was not in violation of the covenants and in fact, the record clearly shows that no approval was given. Based on our review of the record, we fail to find that Mrs. Landry's affidavit creates an issue of fact as to whether she obtained approval for the placement of the satellite dish as required by the provisions of the restrictive covenants.
Further, although appellant contends that there is a factual question as to whether the denial of approval was exercised reasonably, we find no merit in this contention. The record fails to contain any evidence that approval was denied, and therefore, a determination of reasonableness of such a denial is immaterial to the resolution of this case.
In a case involving a factual situation similar to the present case, the Supreme Court affirmed a trial court's order requiring removal of a satellite dish and a carport where the homeowner violated the restrictive covenants by failing to have his plans for these improvements approved. See, Brier Lake, Inc. v. Jones, 97-2413 (La.4/14/98), 710 So.2d 1054, 1061. In the present case, the record shows that appellant failed to obtain approval for the construction of the fence or for the placement of the satellite dish on her home in violation of the restrictive covenant burdening her property. We fail to find the existence of any genuine issues of material fact which would preclude summary judgment in this case. Under these circumstances, we find no error in the trial court's judgment granting judgment in favor of the Home Owners Association.
Appellant next contends that the trial court erred in denying her exceptions of prematurity and no cause of action, finding that plaintiff's suit was not preempted by the provisions of 47 C.F.R. Section 1.4000. Appellant argues that the restrictive covenants requiring approval for the placement of the satellite dish on her property violate the federal regulations regarding the reception of satellite services. Appellant contends that the federal regulations require that a party seeking to enforce a restriction on satellite services first petition the Federal Communications Commission to determine whether the restriction is permissible under federal law. Appellant argues that plaintiffs suit is premature as plaintiff failed to first petition the FCC prior to enforcing its restriction.
We have reviewed the provisions of the federal regulations cited by appellant. The regulations apply to instances where a restrictive covenant impairs the installation, maintenance or use of the satellite dish. 47 C.F.R. Section 1.4000(a). There was no evidence presented in this case that any of the restrictions which the Home Owners Association seeks to enforce impair the installation or use of the satellite dish. Further, there is no evidence in the record that relocation of the satellite dish would impair appellant's ability to receive broadcast signals. In fact, deposition testimony of the installer of the satellite dish was submitted to the trial court, and this *1292 testimony indicated that there would be no impairment in the receipt of broadcast signals if the satellite dish was moved to a location preferred by the Home Owners Association. Accordingly, we conclude that the provisions of the federal regulations cited by appellant are not applicable in this case, and plaintiff was not required to petition the FCC prior to filing the instant suit. The trial court did not err in denying appellant's exceptions of prematurity and no cause of action.
By the next assignment of error, appellant contends that the trial court erred in denying her exception of no right of action. Appellant contends that the articles of incorporation for the Home Owners Association indicate that the association was created to enforce all rights established in Belle Terre Lakes Subdivision, Phases I, II and III. Appellant's property is located in Phase IV of the Subdivision, and appellant contends that the Home Owners Association has no standing to enforce the provisions of the covenant in that subdivision.
However, the provisions contained in the restrictive covenants with regard to the Home Owners Association provide that upon purchase of a lot, a lot owner will become a member of the Home Owners Association. Section 6.1. Further, the covenants state that the Home Owners Association will assist the Architectural Control Committee in policing the restrictions contained therein. Section 6.2. The record in this case clearly shows that appellant became a member of the Home Owners Association when she purchased her property in Phase IV of the Belle Terre Lakes Subdivision. The act of sale to Mrs. Landry referenced the restrictive covenants which empowered the Home Owners Association to enforce its provision. Accordingly, the record supports the trial court's findings that the Home Owners Association by virtue of the provisions of the covenants has the right to police and enforce the terms of the restrictive covenants in Phase IV of the subdivision.
Louisiana courts have held that a homeowners association has a procedural capacity to sue and enforce a subdivision's building restrictions. See, Lakeshore Property Owners Ass'n v. Delatte, 579 So.2d 1039, 1044 (La.App. 4 Cir.1991), writ denied, 586 So.2d 560 (La.1991). Appellant's argument that the architectural control committee is the only competent party to bring a suit to enforce the building restrictions is without merit. Thus, we find no error of the trial court in overruling appellant's exception of no right of action.
Appellant's final assignment of error concerns the trial court's award of attorney's fees. Appellant contends that the award of attorney's fees is prohibited by federal regulation 47 C.F.R. Section 1.4000. However, as stated herein, we find that the federal regulation is inapplicable to the facts of this case, and thus the prohibition of attorney's fees is not relevant herein.
Attorney's fees are not allowed in Louisiana except where authorized by statute or contract. Brier Lake, Inc. v. Jones, supra, 710 So.2d at 1061. In the present case, the restrictive covenants contain the following provision allowing the recovery of attorney's fees:
Section 6.04 Lien Rights. ....All expenses, including all reasonable attorneys fees, incurred by the Home Owners Association in ... enforcing these Restrictions shall be the responsibility of the defaulting Lot Owner, .. and the Home Owners Association shall have the right ... to recover the costs and expenses owed by such defaulting Lot Owner to recover the costs and expenses owed by such defaulting Lot Owner to the Owners Association, which shall include all attorneys fees incurred by the *1293 Home Owners Association in enforcing these Restrictions against the defaulting Lot Owner....
Thus, the specific provisions of this covenant authorizes the recovery of costs, expenses and attorney's fees incurred by the Home Owners Association in the enforcement of the restrictions contained therein. The record shows that the Lot Owner in this case, Patricia McGovern Landry, failed to comply with the terms of the restrictive covenants burdening her property. Under these circumstances, we find no error of the trial court in finding appellant liable for costs, expenses and attorney's fees incurred by the Home Owners Association in connection with this litigation.

CONCLUSION
Accordingly, for the reasons stated herein, the judgment of the trial court ordering appellant Patricia McGovern Landry to remove the fence and satellite dish from her property and to comply with the terms of the building restrictions is affirmed. Likewise, the trial court's judgment holding that the Belle Terre Lakes Home Owners Association is entitled to costs, expenses and reasonable attorney's fees is also affirmed. The case is further remanded to the trial court for a determination of the amount to be awarded. Appellant shall bear all costs of this appeal.
AFFIRMED AND REMANDED.