NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0856

CENTURION PLACE CIVIC ASSOCIATION

VERSUS

BRIAN KEITH COLEMAN AND BRIDGETTE BYNUM COLEMAN

*DATE OF JUDGMENT:*     **JUN 1 2 2020**


ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 659178, SECTION 25, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILSON E. FIELDS, JUDGE


* * * * * *


| | |
|---|---|
| Richard Stephen Derbes<br>Baton Rouge, Louisiana | Counsel for Plaintiff-Appellant<br>Centurion Place Civic Association |
| Kenneth Dupaty<br>Allen V. Davis<br>Gonzales, Louisiana | Counsel for Defendants-Appellees<br>Brian Keith Coleman and Bridgette<br>Bynum Coleman |


* * * * * *


BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.


Disposition: **AFFIRMED.**

**CHUTZ, J.**

In this suit involving a building restriction, the plaintiff homeowner's association appeals a judgment denying its request for injunctive relief against the defendant homeowners. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Brian and Bridgette Coleman are the owners of Lot 277 in Centurion Place Subdivision in Baton Rouge, Louisiana. The lot is subject to recorded building restrictions, including a ten-foot side setback for all construction. On June 29, 2017, Centurion Place Civic Association (Centurion) filed a petition seeking prohibitory and mandatory injunctive relief against the Colemans, arguing certain additions to their home violated the side setback restriction. Centurion requested that the Colemans be prohibited from any further construction encroaching on the ten-foot side setback and be ordered to remove any existing construction encroaching upon the required setback.

The Colemans responded by filing a *pro se* answer in which they admitted the construction in question was only seven feet, 10 inches from the property line. Nevertheless, the Colemans alleged Centurion's Architectural Control Committee (ACC) approved the plans for the additions to their home in September 2015.

Trial of this matter was held on January 30, 2019. The evidence showed the Colemans requested approval from the Centurion Architectural Control Committee (ACC) in September 2015 for certain additions to their home, including a two-story garage with an upstairs in-law apartment, a porte-cochere with a room above, a pool, and a cabana. On September 17, 2015, the ACC gave the Colemans "[p]reliminary approval pending review of blueprints." The ACC also advised the Colemans they needed to obtain a rear setback waiver from the City/Parish. Mr. Coleman testified he provided the ACC with a plot plan showing the location of the proposed improvements with side setbacks, and the ACC approved what he

2

submitted. The chairman of the ACC, James Jeansonne, testified the "sketch" Mr. Coleman provided did not include measurements, and the ACC never granted final approval to the Coleman's September 2015 request because they failed to provide the ACC with blueprints or a plot plan.

The documents the Colemans submitted to the ACC in 2015 were destroyed when Centurion Place Subdivision flooded in August 2016. In December 2016, the Colemans obtained rear and partial side setback waivers from the East Baton Rouge Metropolitan Board of Adjustments (MBOA). The plot plan they submitted with the MBOA application showed a right-side setback of eight feet and a left-side setback of six feet.

According to Mr. Jeansonne, the ACC did not hear from the Colemans again until March 2017 when they submitted a new request for approval of remodeling and the addition of a new two-story garage with a guest suite and a cabana. On March 27, 2017, the ACC granted approval subject to the Colemans receiving a rear setback waiver from the City/Parish. The ACC was unaware the Colemans had already received a rear setback waiver from the MBOA. Moreover, Mr. Jeansonne testified that while the ACC approved the Colemans' plans, the approval was based on a plot plan submitted by the Colemans showing a right-side setback of ten feet, eight inches and a left-side setback of ten feet.

Mr. Coleman denied submitting different plot plans to the MBOA and the ACC. He testified the plot plan he submitted to the MBOA, which showed side setbacks less than ten feet, was the only plot plan he ever had and was the same one he submitted to the ACC.

After construction began in April 2017, Mr. Jeansonne testified he talked to Mr. Coleman, who acknowledged the construction was close to the "line" but stated he had obtained a waiver from the MBOA. Thereafter, on May 23, 2017, the ACC sent the Colemans a violation notice regarding the ten-foot side setback

3

restriction. The Colemans did not respond to the notice and the construction continued.

At the conclusion of trial, the trial court took this matter under advisement. On April 1, 2019, the trial court signed a judgment denying plaintiff's petition for mandatory and prohibitory injunctions and dismissing this matter, with prejudice. Plaintiff now appeals, arguing the trial court erred in finding it did not meet its burden of proof and in placing reliance on plaintiff's failure to present certain evidence the trial court considered crucial.

**DISCUSSION**

The remedy of landowners seeking to prevent a violation by another of building restrictions is by prohibitory and/or mandatory injunctions. La. C.C. art. 779; *Fern Creek Owners' Association, Inc. v. City of Mandeville*, 08-1694 (La. App. 1st Cir. 6/30/09), 21 So.3d 369, 377. A permanent injunction may issue only after a trial on the merits. The plaintiff's burden of proof is a preponderance of the evidence. *Fern Creek Owners' Association, Inc.*, 21 So.3d at 376. Once a plaintiff seeking an injunction establishes a violation of a building restriction, the burden shifts to the defendant to show a waiver of the restriction. See *Sherwood Lake Association, Inc. v. DeAngelo*, 08-0695 (La. App. 1st Cir. 9/12/08), 2008 WL 4191023, at *5, writ denied, 08-2764 (La. 1/30/09), 999 So.2d 758; *Bagley v. Lake Bruin Landing & Marina, L.L.C.*, 51,994 (La. App. 2d Cir. 5/23/18), 248 So.3d 613, 619; *Belle Terre Lakes Home Owners Association v. McGovern*, 01-722 (La. App. 5th Cir. 1/29/02), 805 So.2d 1286, 1290, writ denied, 02-0818 (La. 5/24/02), 816 So.2d 850.

In the instant case, Section III, Paragraph 7 of the Centurion Place building restrictions provides that no building may be located nearer than ten feet from any interior side lot line. The Colemans admitted in their answer that the construction in question was located less than ten feet from the side property line. Thus, the

4

existence of a building restriction violation was not a disputed issue at trial. Rather, the issue in dispute was whether the ACC granted the Colemans a waiver of the restriction by approving the proposed improvements. At trial, the testimony of the opposing parties was diametrically opposed on this key issue.

Regarding the events occurring in 2015, Mr. Jeansonne testified that while the Colemans received preliminary approval for the proposed improvements, they never provided the ACC with blueprints or a plot plan as required for final approval. Accordingly, Mr. Jeansonne claimed the Colemans never received final approval of the proposed improvements in 2015. Mr. Coleman testified to the contrary that he provided the ACC with a plot plan showing the location of the proposed improvements, with side setbacks, and received final approval from the ACC.

Mr. Jeansonne acknowledged the ACC gave approval for the Coleman's proposed improvements in March 2017. However, he asserted the approval was based on a plot plan provided by the Colemans that did not show any violation of the ten-foot side setback restriction. Mr. Jeansonne asserted the ACC would never have approved the improvements with less than ten-foot side setbacks.

Contrary to Mr. Jeansonne's testimony, Mr. Coleman denied any knowledge of a plot plan showing ten-foot side setbacks. He testified the only plot plan he ever had and/or submitted to the ACC was the same one he submitted to the MBOA in December 2016. That plot plan clearly showed side setbacks of less than ten feet.

In denying plaintiff's request for injunctive relief, the trial court gave the following oral reasons for judgment:

> [I]t is the plaintiff's burden to show to this court that the defendant was in violation. The defendant[s] [admitted] in their answer that, yes, they did build over the side setback, but the defense argues that the plans that they submitted to the Association showed that they were building over [the side setback]. And what ... *the plaintiff has shown to this court are two different set[s] of site plans. But the crucial*

5

*evidence that this court needed to rely on **was the actual plans that [were] submitted by the defendants to the plaintiffs**[,] which the plaintiffs say they no longer have. And without submitting that evidence to the court, the court can't find in the plaintiff's favor that the defendant did not submit to the plaintiff what they were actually going to do.* So, therefore, the court is going to deny the injunction. [Emphasis added.]

On appeal, plaintiff maintains it does not understand what "crucial evidence" the trial court was referring to or why the lack of such evidence prevented the trial court from ruling in its favor. Plaintiff further asserts the trial court erroneously imposed the burden on plaintiff to prove the Colemans were not granted a waiver from the side setback restriction. Plaintiff admits it had the burden of proving a violation of the restriction. However, plaintiff argues the trial court erred once a violation was established in failing to shift the burden of proof to the Colemans to prove a waiver of the side setback restriction was granted.

We find no merit in plaintiff's contentions. It is true that after stating plaintiff had the burden of establishing a violation of the building restriction, the trial court did not specifically explain that once a violation was established, the burden of proof shifted to the defendants to prove they were granted a waiver of the restriction. Nevertheless, we do not believe the trial court's failure to fully articulate the parties' respective burdens of proof indicates the trial court failed to apply the proper burden of proof. In the absence of evidence to the contrary, it must be presumed that the trial court was aware of and applied the correct law to the evidence presented. *See **Star Acquisitions, LLC v. Town of Abita Springs***, 14-1272 (La. App. 1st Cir. 3/6/15), 2015 WL 996838, at *4 (unpublished), writ denied, 15-0679 (La. 5/22/15), 171 So.3d 257; ***Motton v. Travelers Insurance Company***, 484 So.2d 816, 819-20 (La. App. 1st Cir. 1986); ***Blackwell v. Blackwell***, 413 So.2d 1331, 1333 (La. App. 1st Cir. 1982).

In its oral reasons, the trial court noted it had been presented with two conflicting "site plans." Mr. Jeansonne's testimony indicated that Mr. Coleman

6

submitted one set of plans to the MBOA, showing less than ten-foot side setbacks, and a different set of plans to the ACC, showing no violation of the ten-foot side setback. To the contrary, Mr. Coleman testified he submitted the same plot plan, which showed side setbacks less than ten feet, to both the MBOA and the ACC. The "crucial evidence" the trial court referred to in its oral reasons was obviously the plans Mr. Coleman testified he submitted to the ACC in 2015. We believe the import of the court's remarks is merely that in the absence of the 2015 plans showing otherwise, the trial court accepted Mr. Coleman's testimony that he provided the ACC with a plot plan showing the improvements were partially within the ten-feet side setback (*i.e.*, the same plot plan submitted to the MBOA), and the ACC approved the improvements. While the trial court's remarks were inartfully phrased, the implicit credibility determination in favor of Mr. Coleman is evident both from the trial court's oral reasons and from its ruling dismissing plaintiff's request for injunctive relief.

It is well-settled that an appellate court may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Moreover, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Snider v. Louisiana Medical Mutual Insurance Company*, 14-1964 (La. 5/5/15), 169 So.3d 319, 323; *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). The issue before the appellate court is not whether the trier-of-fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. *Snider*, 169 So.3d at 323.

7

Based upon our careful review of the record in light of these principles, we cannot say the trial court's implicit credibility determination in favor of Mr. Coleman was clearly wrong or manifestly erroneous. Mr. Coleman testified he provided the ACC with a plot plan indicating the proposed improvements were located partially inside the ten-foot side setback, and the ACC granted its approval thereof. Thus, the trial court's decision to credit Mr. Coleman's testimony logically led to a factual finding that the ACC granted a waiver from the setback restriction. Because we find no clear or manifest error in the trial court's implicit credibility determinations and factual findings, plaintiff's request for injunctive relief was properly denied.[1]

## CONCLUSION

For the reasons assigned, the April 1, 2019 trial court judgment denying injunctive relief and dismissing the suit of Centurion Place Civic Association, with prejudice, is affirmed. The costs of this appeal are assessed against Centurion Place Civic Association.

**AFFIRMED.**

---

[1] Plaintiff also argues the trial court erred in not ruling in accordance with Section III, Paragraph 2 of the building restrictions, which provides that the decisions of the ACC in any dispute or controversy "involving the interpretation" of the restrictions "shall be final and not subject to appeal or judicial review." We find this provision is not applicable to this matter. It is undisputed the building restrictions provide for a ten-foot side setback. The critical issue in this appeal is not the proper interpretation of the restrictions, but merely whether the ACC granted the Colemans a waiver from the side setback restriction.

8