# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-148


**CLAYTON L. SAMPY**

**VERSUS**

**ATKINS PROPERTY MANAGEMENT LLP,**

**ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2021-2646
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Sharon Darville Wilson, Judges.


**AFFIRMED.**

**Frank E. Barber**
**2111 Highway 14**
**New Iberia, LA 70560**
**(33) 256-8370**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Clayton L. Sampy**

**Anton Atkins**
**In Proper Person**
**2830 Louisiana Avenue #24**
**Lafayette, LA 70501**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Atkins Property Management LLP, et al.**
    **Anton Atkins**

**GREMILLION, Judge.**

Plaintiff, Clayton L. Sampy, appeals the trial court's judgment in favor of the defendants, Atkins Property Management LLP and Anton Atkins. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Sampy filed suit in May 2021, alleging he was owed a refund of a $3,880.00 deposit paid to Anton Atkins, owner of Atkins Property Management LLP (Atkins), to stencil a brick driveway at his home in Lafayette, Louisiana. Following a November 2021 trial, the trial court found Sampy was due a refund of $1,200.00 for the "un-purchased concrete, and to the non-refundable materials themselves." It found that Atkins was entitled to $600.00 for three cancellation charges, $802.05 for non-refundable materials, $375.00 for a survey, and $1,125.00 for labor, travel, and fuel, for a total of $2,902.05. Thus, Atkins was ordered to pay Sampy $977.95 from the $3,880.00 deposit. Thereafter, Sampy filed a motion for new trial/motion for reconsideration, which was denied. Sampy timely appealed.

## ASSIGNMENTS OF ERROR

Sampy assigns as error:

1. The trial judge erred [in] not recognizing the impossibility of performance of the contract.

2. The trial judge erred in basing his ruling on matters not in evidence in the record.

## DISCUSSION

Sampy entered into a contract with Atkins on April 2, 2021. On April 22, 2021, Atkins purchased non-refundable materials totaling $471.87 and $330.18 for the project. On May 27, 2021, Sampy's homeowner's association (HOA) advised him that he could not have a stamped concrete driveway.

At trial, there was testimony and text message evidence that Sampy had requested the concrete driveway two times in the past and did not move forward, that Sampy demanded that the materials be stored at his home (which is not in the usual course of business), that Sampy was going to have a friend demolish his existing concrete driveway to save money, that Sampy felt that the wrong materials had been delivered to his house and Atkins did not agree, and that Sampy contacted the attorney general over this matter and directly contacted the companies that Atkins purchased the supplies from. The trial court took the matter under advisement at the conclusion of the brief hearing, stating that it would contact the HOA, but it did not offer any written findings of fact or reasons for ruling.

## DISCUSSION

This is a simple contract matter that ultimately was not performed due to the HOA declining to approve the project. Sampy argues that Atkins bore the duty of contacting his HOA before starting the project. The trial court clearly found that the duty was on Sampy and that Sampy was liable for the non-refundable materials and other expenses associated with the contract he entered into without gaining prior approval. We agree.

Sampy makes claims in brief such as Atkins had "a duty to contact all relevant regulatory authorities prior to beginning work on any job," and that Atkins is a "sophisticated party . . . and should have a duty to ensure that a contract can be performed prior to taking money from the public." He claims that the contract is an absolute nullity and that the HOA rules are for "the public order." He makes a number of claims about the "evidence" gathered from the trial court that is not in the record, i.e., contacting Sampy's HOA and Atkins' suppliers. We find this evidence is not relevant.

2

The facts are that Sampy entered into a contract with Atkins before receiving approval from his HOA, as evidenced by the dates on the documents in the record. Atkins purchased supplies and prepared for the project. Atkins had no duty to contact Sampy's HOA. The burden is on the homeowner to obtain approval from the HOA prior to a contractor taking steps to fulfill a contract entered into between it and the homeowner. *Belle Terre Lakes Homeowners Assoc. v. McGovern*, 01-722 (La.App. 5 Cir. 1/29/02), 805 So.2d 1286, *writ denied*, *sub nom. Belle Terre Lakes Homeowners Assoc. v. Williams*, 02-818 (La. 5/24/02), 816 So.2d 850. "Building restrictions may impose on *owners* of immovables affirmative duties that are reasonable and necessary for the maintenance of the general plan." La.Civ.Code art. 778 (emphasis added). An HOA's community or organizational documents, including any building restrictions, "shall have the force of law between the homeowners association and the individual *lot owners* and as between individual lot owners." La.R.S. 9:1141.8 (emphasis added); *Tchefuncte Harbour Townhome Ass'n, Inc. v. Constanza,* 15-524 (La.App. 1 Cir. 11/6/15) (unpublished opinion) (emphasis added).

Atkins had no contractual obligation with the HOA and no duty to inquire of it. The duty rested solely with Sampy to inquire about the acceptability of a proposed change to his immovable property.

Moreover, this contract does not have an unlawful cause such that it would be declared an absolute nullity, as advanced by Sampy. A contract with an unlawful cause is one that "would produce a result prohibited by law or against public policy." La.Civ.Code art. 1968. Examples include contracts involving "gaming, gambling, and wagering not authorized by law." *Id*. A contract to install a stamped concrete driveway does not have an unlawful cause because it is prohibited by an HOA. Nor is it a relative nullity, as urged by Stampy. "A contract is relatively null when it

violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is relatively null may be confirmed." La.Civ.Code art. 2031. An HOA's building restriction regarding stamped driveways is not "for the protection of private parties," as envisioned by La.Civ.Code art. 2031. This type of nullity references the capacity of the party entering into the contract, i.e., in not voluntarily entering into the contract. *See Rowan v. Town of Arnaudville*, 02-882 (La.App. 3 Cir. 12/11/02), 832 So.2d 1185. There is no dispute that Sampy freely entered into the contract with Atkins on several occasions. Again, the fact that the contract was not performed was due to Sampy's failure to contact his HOA prior to contracting with Atkins.

Finally, the trial court did not manifestly err in crediting Atkins' testimony of the expenses associated with entering into the contract with Sampy. Accordingly, the trial court did not err in its findings.

## CONCLUSION

The judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Clayton L. Sampy.

**AFFIRMED**.

4